J-S77033-14

## NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
KASHIF PUMPHREY, :
:
Appellant : No. 1047 EDA 2014

Appeal from the Judgment of Sentence Entered March 4, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0907021-2005

BEFORE: STABILE, JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED FEBRUARY 09, 2015**

Kashif Pumphrey (Appellant) appeals from the judgment of sentence

entered March 4, 2014 following the revocation of his probation. We affirm.

The trial court set forth the relevant factual and procedural history of

this case as follows.

> Appellant was originally sentenced by the Honorable Leslie
> Fleisher on November 14, 2007 pursuant to a guilty plea to the
> charge of possession with intent to deliver crack cocaine and
> marijuana. Appellant was sentenced to six to twenty-three
> months of incarceration followed by two years['] probation. After
> a violation hearing on June 24, 2009, Judge Fleisher revoked
> Appellant's probation and re-sentenced Appellant to an
> additional six to twenty-three months['] incarceration followed
> by two years['] probation. [The violation court assumed
> supervision of Appellant's case in 2013]. On September 2, 2012,
> Appellant was arrested. After a jury trial, Appellant was found
> guilty of attempted murder, aggravated assault, robbery,
> possession of a firearm, and related charges. On January 10,
> 2014, the Honorable Sean Kennedy sentenced Appellant to an
> aggregate term of ten to twenty years['] incarceration.

---

*Retired Senior Judge assigned to the Superior Court.

Following a violation hearing held on March 4, 2014, [the violation] court determined that Appellant had directly violated the terms of his probation and sentenced him to one to two years['] incarceration to be served consecutive to Judge Kennedy's sentence.

Appellant filed a notice of appeal on March 27, 2014. On March 31, 2014, this court ordered Appellant to file a Statement of Errors Complained of on Appeal pursuant to Pa. R.A.P. 1925(b)[]. Appellant filed his Statement on April 21, 2014[.]

Violation Court Opinion, 6/2/2014, at 1-2 (footnote omitted).

Appellant asks this Court to consider whether the violation court abused its discretion by imposing a sentence that is manifestly excessive and unreasonable. Appellant's Brief at 6. Specifically, Appellant contends that the court failed to give consideration to Appellant's personal history, and that the court erred in failing to run Appellant's violation sentence concurrently to the sentence imposed by Judge Kennedy. *Id.* at 11-14.

It is within this Court's scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation. *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006). *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (stating that a claim that the trial court erred in imposing a sentence of total confinement upon revocation of probation is a challenge to the discretionary aspects of sentencing); *Commonwealth v. Ahmad,* 961 A.2d 884, 886 (Pa. Super. 2008) (stating that "[a] challenge to an

alleged excessive sentence is a challenge to the discretionary aspects of a sentence.").

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) *appeal denied*, 76 A.3d 538 (Pa. 2013) (citation omitted).

The record reflects that Appellant timely filed a notice of appeal. However, while Appellant did file a motion for reconsideration of his sentence on March 10, 2014, that document contains only a challenge to the consecutive nature of Appellant's sentence. Nor did he lodge an objection to the court's perceived failure to consider his personal history at his sentencing hearing. Accordingly, we determine that Appellant has waived his claim that the trial court failed to consider Appellant's personal history in fashioning his sentence.[1]

---

[1] Tangential to this claim, Appellant argues that the trial court erred in failing to order a pre-sentence investigation (PSI). Appellant's Brief at 13-14. While this claim does raise a substantial question, **Commonwealth v. Carrillo-Diaz**, 64 A.3d 722, 725-26 (Pa. Super. 2013), it is also waived for the reasons stated above.

We now turn to Appellant's second basis for challenging the discretionary aspects of his sentence. He contends that the imposition of a consecutive one-to-two-year sentence, resulting in a 12-to-22-year aggregate term of incarceration, is manifestly excessive. Appellant's Brief at 13.

"Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." **Commonwealth v. Prisk**, 13 A.3d 526, 533 (Pa. Super. 2011) (internal quotation omitted) (quoting **Commonwealth v. Pass**, 914 A.2d 442, 446–47 (Pa. Super. 2006)). "[T]he key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." **Commonwealth v. Mastromarino**, 2 A.3d 581, 587 (Pa. Super. 2010).

The instant probation violation, his second at this case number since his original sentence was imposed in 2007, stemmed from his conviction for the charges of attempted homicide, robbery and violations of the Uniform Firearms Act. We cannot say that imposing a consecutive one-to-two-year sentence was manifestly excessive or unduly harsh in light of this conduct.

Accordingly, we hold that Appellant does not raise a substantial question on this basis.

Judgment of sentence affirmed.

Judge Stabile joins the memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/9/2015