J-S15019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN W. SHAFER | |
| Appellant | No. 1237 MDA 2014 |

Appeal from the Judgment of Sentence of June 11, 2013
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0003182-2012

BEFORE: LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.: **FILED MARCH 19, 2015**

Shawn W. Shafer appeals from the judgment of sentence imposed following his entry of guilty pleas to robbery, escape, resisting arrest, and possessing instruments of crime ("PIC").[1] Counsel for Shafer has petitioned for leave to withdraw as counsel on the ground that Shafer's issue on direct appeal is wholly frivolous. We grant the petition for leave to withdraw as counsel, and we affirm the judgment of sentence.

The trial court set forth the underlying procedural history of this case as follows:[2]

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(iv), 5121(a), 5104, and 907, respectively.

[2] The facts underlying Shafer's guilty plea are immaterial to our disposition. Therefore, we need not recite them here.

The [c]ourt accepted [Shafer's] guilty pleas at a hearing on March 15, 2013. A Pre-Sentence Investigation (PSI) was ordered to be completed by the Luzerne County Adult Probation and Parole Department, and a sentencing hearing was scheduled.

On June 11, 2013, [Shafer] appeared before the [c]ourt for sentencing. Upon a review of the PSI and upon consideration of the submissions made by [Shafer] and counsel at the sentencing hearing, [the court] determined that sentences within the standard range of the applicable sentencing guidelines were appropriate. Accordingly, [Shafer] was sentenced to an aggregate term of seventy[-]five (75) months to one hundred fifty (150) months in a state correctional institution. Additionally, although [the court] ordered Count 4 to be served concurrently with the sentence on Count 2, Counts 7 and 8 were ordered to be served consecutive [*sic*] to each other, consecutive to Count 2, and consecutive to any other sentence [Shafer] was then serving. [Shafer] was subsequently advised of his post-sentence rights before the hearing concluded.

[After a series of attempts to appeal *pro se* and orders issued by this Court, o]n June 4, 2014, [Shafer] filed a [counseled] Motion to Modify Sentence which [the trial court] denied by Order of the same date. A *Nunc Pro Tunc* Notice of Appeal was filed on June 19, 2014, and on June 2[3], 2014, [the court] ordered [Shafer] to filed a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) and requested the Commonwealth to respond thereto.

On July 2, 2014, [Shafer] filed his Concise Statement . . . . The Commonwealth's response was filed on July 10, 2014.

Trial Court Opinion ("T.C.O."), 9/25/2014, at 1-2.

On September 25, 2014, the trial court entered its Pa.R.A.P. 1925(a) opinion, in which it reviewed Shafer's sentence and concluded that Shafer had failed to raise a substantial question that his sentence was contrary to the fundamental norms or a violation of a provision of the Sentencing Code. *Id.* at 3-5.

On November 14, 2014, counsel for Shafer filed an **Anders** brief in which she presented issues that might arguably support an appeal.[3] Counsel filed her petition for leave to withdraw as counsel on the same day, stating that, after a conscientious examination of the record, she determined that the appeal would be wholly frivolous. **See** Petition for Leave to Withdraw as Counsel, 11/14/2014, at unnumbered page 1 ¶ 2. Attached to the petition is a copy of her letter to Shafer advising him of her intent to seek withdrawal as his counsel and of Shafer's right to retain new counsel or to proceed with his appeal *pro se*, and providing him with a copy of the **Anders** brief filed with this Court. **See id.** at Attachment. Shafer has not responded to counsel's petition for leave to withdraw.

> [I]n the **Anders** brief that accompanies . . . counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to

---

[3] **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), *abrogated in part by* **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. O'Malley**, 957 A.2d 1265, 1266 (Pa. Super. 2008) (citations omitted).

In the instant case, counsel has complied with the **Anders** and **Santiago** requirements. She has submitted a brief that summarizes the case and cites to the record, **see Anders** Brief at 1-4; refers to anything that might arguably support the appeal, **id.** at 5-6; and sets forth her reasoning and conclusion that the appeal is frivolous, **id.** at 6-7. **See Santiago**, 978 A.2d at 361. She has filed a petition for leave to withdraw as counsel, sent Shafer a letter advising him that she found no non-frivolous issues, provided Shafer with a copy of the **Anders** brief, and notified Shafer of his right to retain new counsel or proceed *pro se*. Shafer has not responded.

"Once counsel has satisfied the [**Anders**] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly

frivolous." ***Commonwealth v. Lilley***, 978 A.2d 995, 998 (Pa. Super. 2009) (citation omitted).

The ***Anders*** brief raises one question for our review: "Whether the consecutive sentences imposed by the [trial court] are harsh and excessive?" ***Anders*** Brief at 1.

In her ***Anders*** brief, counsel asserts that Shafer's "aggregate sentence, imposed with certain counts running consecutively to each other and the entire sentence running consecutively to any other sentence currently being served, is harsh and excessive." ***Id.*** at 5. We agree with counsel that the issue is without merit.

An argument premised upon the court's order running a defendant's sentences consecutively is a challenge to the discretionary aspects of sentencing. ***See Commonwealth v. Glass***, 50 A.3d 720, 726 (Pa. Super. 2012).

> [A]ccordingly, pursuant to the dictates of 42 Pa.C.S.A. § 9781, [an appellant] must petition for allowance of appeal by including in his brief a separate, concise statement of the reasons relied upon for allowance of appeal. ***See*** Pa.R.A.P. 2119(f). The Rule 2119(f) Statement must "raise a substantial question as to the appropriateness of the sentence" by demonstrating that the "actions of the sentencing court [were either] inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process."

***Commonwealth v. Fowler***, 893 A.2d 758, 766 (Pa. Super. 2006) (case citations omitted).

In the instant case, counsel's **Anders** brief includes a statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). **See Anders** Brief at 5. Shafer contends that his sentence is excessive because the court imposed some sentences consecutive to each other, and consecutive to any other sentences being served, despite Shafer's "regret for his criminal actions that were motivated by a drug addiction." **Id.** at 2 (citing Notes of Testimony ("N.T.") Sentencing, 6/11/2013, at 10).

"[A]n allegation that the sentencing court did not consider certain mitigating factors does not raise a substantial question." **Commonwealth v. McNabb**, 819 A.2d 54, 57 (Pa. Super. 2003) (citation omitted). "[An a]ppellant's claim that the trial court erred in ordering his sentences . . . to run consecutively, instead of concurrently, to a previously imposed sentence does not raise a substantial question." **Commonwealth v. Pass**, 914 A.2d 442, 446 (Pa. Super. 2006). Furthermore, in general, "a claim of excessiveness of sentence does not raise a substantial question where the sentence is within the statutory limits." **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa. Super. 1999).

Shafer's challenge to the discretionary aspects of his sentence for the court's alleged failure to consider mitigating factors while running his sentences consecutively fails to raise a substantial question. Accordingly, his petition for allowance of appeal of the discretionary aspects of his sentence is frivolous. Furthermore, upon independent review, we find no other non-

frivolous basis for appeal. Therefore, we conclude that Shafer's appeal is wholly frivolous. *O'Malley*, 957 A.2d at 1266.

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/19/2015