J-S74037-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JOHNNY DEMOND FOSSETT, :
:
Appellant : No. 1424 EDA 2014

Appeal from the Judgment of Sentence Entered December 16, 2013
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0001410-2012

BEFORE: BENDER, P.J.E., DONOHUE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED JUNE 25, 2015**

Johnny Demond Fossett (Appellant) appeals from his aggregate judgment of sentence of 27 to 65 years of imprisonment after pleading guilty to third-degree murder, robbery, theft, and unlawful restraint.[1] In addition, Appellant's counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Upon review, we grant the petition to withdraw and affirm the judgment of sentence.

The trial court offered the following summary of the facts of this case.

> On January 15, 2012, Appellant caused the death of the victim, Lori Jefferson, in her home located in Springfield Township, Montgomery County. In the midst of an argument between Appellant and the victim, Appellant choked the victim. Appellant bound the victim's hands and feet behind her back

---

[1] 18 Pa.C.S. §§ 2502(c), 3701(a), 3921(a), and 2902(a), respectively.

* Retired Senior Judge assigned to the Superior Court.

with a cord and placed a gag in her mouth.  Appellant left the victim in that condition alone in the second floor bedroom.  Appellant stole the victim's 2007 Volvo and drove to Philadelphia County and turned himself in.

On December 16, 2013, a sentencing hearing was conducted before the [trial court].  At the hearing, defense counsel presented the testimony of Dr. Alan Tepper, an expert in forensic and clinical psychology.  Dr. Tepper performed a psychological evaluation of Appellant.  As part of his evaluation, Dr. Tepper met with Appellant on two occasions at the Montgomery County jail.  Prior to and subsequent to meeting with Appellant, Dr. Tepper reviewed discovery materials related to the criminal matter and past mental health records from Florida, Pennsylvania and from [the] Montgomery County Correctional Facility.  Dr. Tepper noted that just prior to the date of the criminal incident, from September to December of 2011, Appellant was treated inpatient at various facilities and was seen at various emergency rooms for mental health issues.

In addition to a review of the records, Dr. Tepper performed testing.  He first performed intelligence, achievement and projective testing with Appellant.  On the intelligence test, the Wechsler Abbreviated Scale of Intelligence, Dr. Tepper reported that Appellant received an IQ score of 75, which is between the mid-level of the borderline mental retardation range to the low level of average.  Dr. Tepper also performed a reading subtest, the Wide Range Achievement Test, Fourth Edition, on which Appellant received a 34 percentile ranking.  Dr. Tepper opined that together these scores reflect that Appellant "possesses somewhat limited or modest intellectual abilities.  He is able to function on an everyday basis." However, he further opined that Appellant's higher level problem solving and decision making thought is inhibited.

Dr. Tepper also performed clinical testing, including clinical interviewing, the record review and a Sentence Completion Test.  On the day of testing, Dr. Tepper reported that Appellant was coherent and he was able to engage in a give-and-take dialogue.  He had good reality testing.  Dr. Tepper reported that through the years, Appellant had received a number of different diagnoses, "a somewhat severe category of either psychosis or schizophrenia."  Most recently, Appellant had been diagnosed with schizo-effective disorder, a cognitive and emotional

- 2 -

disorder. According to Dr. Tepper, this means that Appellant has difficulties with emotions, a lot of past depression, self-destructive or suicidal tendencies and problems with disordered and confused thinking.

Defense counsel asked the doctor how Appellant's intellectual disability and his mental illness affect his ability to think under stressful situations. Dr. Tepper opined that stress could combine to enhance his somewhat modest ability to think about things, problem solve, get along, make decision[s] and stay stable.

The Commonwealth presented the testimony of Emma Jean Jefferson, the victim's mother. Ms. Jefferson read her victim impact statement. In her statement, she told [the trial court] how her life and happiness, and that of the victim's son had changed forever. She explained that her daughter was the center of her life, and without her daughter there is such a pain and hole in her heart.

\*\*\*

With the benefit of a PPI evaluation, a pre-sentence investigation and report, letters of support submitted on behalf of [Appellant] and the numerous victim impact letters, this Court imposed on the third degree murder conviction a term of 17 ½ to 40 years, on the robbery conviction a term of 8 ½ to 20 years' imprisonment and on the unlawful restraint conviction, a term of 1 to 5 years. [The theft conviction merged with robbery for sentencing purposes.] The sentences were imposed consecutively, combining to make an aggregate sentence of 27 to 65 years' imprisonment.

Trial Court Opinion, 6/19/2014, at 1-4 (citations and footnotes omitted).

A timely post-sentence motion was filed on December 18, 2013. That motion asked for reconsideration of Appellant's sentence because the trial court failed to consider certain mitigating circumstances. Appellant also requested that sentences for the third-degree murder conviction and the robbery conviction run concurrently. The motion was neither served by

counsel on the trial court nor forwarded to the trial court by the Clerk of Courts. Thus, the motion subsequently was denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(a), and an order was entered to this effect on April 28, 2014. A timely appeal followed on May 7, 2014. Appellant's counsel complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. The trial court issued an opinion. On appeal, counsel has filed an **Anders** brief and a petition for leave to withdraw as counsel.

The following principles guide our review of this matter:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

- 4 -

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).

> Our Supreme Court has clarified portions of the ***Anders*** procedure:

> Accordingly, we hold that in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and ***Anders*** brief, we conclude that counsel has substantially complied with the above requirements.[2]   Once "counsel has met these obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Commonwealth v. Flowers***, 2015 PA Super 69, 2015 WL 1612010 at *2 (Pa. Super. filed April 10, 2015), *quoting*, ***Santiago***, 978 A.2d at 354 n. 5.[3]

---

[2] Appellant has not filed a *pro se* response raising any additional points for our consideration.

[3]  Speaking for myself only and not as the conduit of this Court's decision, ***see Commonwealth v. King***, 57 A.3d 607, 633 n. 1 (Pa. 2012) (Saylor, J., concurring) (discussing the precedent for a special concurrence by the author of the majority opinion), I acknowledge that the law of this Commonwealth now provides that this Court, when confronted with an

*Anders* counsel presents this Court with one issue that may support this appeal: "Did the trial court manifestly abuse its discretion when it sentenced Appellant to an aggregate term of twenty-seven (27) to sixty-five (65) years in prison following Appellant's open guilty plea?" Appellant's Brief at 5.

---

*Anders* brief, must comb the record in search of issues of arguable merit that were not raised by counsel. *See Commonwealth v. Flowers*, 2015 PA Super 69, 2015 WL 1612010 at *2 (Pa. Super. filed April 10, 2015) ("[T]he reviewing court must make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues."). I write separately to reiterate my disagreement with that opinion's holding as to this Court's duty.

We accept in all other criminal cases that counsel has put forth the appropriate issues and arguments and, if not, that the PCRA is available to the defendant for obtaining relief. *See*, *e.g.*, *Commonwealth v. Koehler*, 914 A.2d 427, 438 (Pa. Super. 2006) ("[I]t is not this Court's duty to become an advocate for an appellant and comb through the record to assure the absence of trial court error."). In an *Anders* case, to "vindicate[] the right to counsel" by "safeguard[ing] against a hastily-drawn or mistaken conclusion of frivolity[,]" *Santiago*, 978 A.2d at 361, our Supreme Court has added the additional protection of requiring the attorney to certify and demonstrate his or her thorough review of the record and applicable law before we will allow counsel to withdraw.

Now, under *Flowers*, this Court not only can, but must, effectively act as an advocate for a criminal defendant whose counsel seeks to withdraw. Not only does this render meaningless counsel's efforts under *Santiago*, but it results in the unnecessary, unwarranted, and patently unfair disparate treatment of criminal defendants by this Court. *See id.* at *5 (Strassburger, J., dissenting) (quoting *Commonwealth v. Washington*, 29 A.3d 846 (Pa. Super. 2011) (Colville, J., concurring, unpublished memorandum at 6) ("[T]he purpose of *Anders* is to provide equal, not extra, representation to indigent defendants, regardless of their counsel's assessment of the merits of their appeals.").

This question set forth by counsel challenges the discretionary aspects of Appellant's sentence.[4] Accordingly, we bear in mind the following.

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1262-63 (Pa. Super. 2012), *appeal denied*, 64 A.3d 630 (Pa. 2013) (quoting *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004)).

Appellant's brief contains a statement of the reasons upon which he relies for allowance of appeal as to the discretionary aspects of his sentence. Appellant's Brief at 17-18. Therein, Appellant concedes that each sentence imposed is within the standard range recommended by the sentencing guidelines. However, he goes on to claim that the trial court "totally ignored mitigating evidence" and claims that the imposition of consecutive sentences all but guaranteed that Appellant would spend the rest of his life in jail,

---

[4] Because the plea agreement was open as to his sentence, Appellant is not precluded from challenging the discretionary aspects of sentencing. *See Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa. Super. 2009).

which raises his aggregate sentence to an excessive level. *Id*. We consider these claims together.

It is well-established that a sentencing court's failure to consider mitigating factors raises a substantial question. *See Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa. Super. 2003). However, a sentencing court generally has discretion to impose multiple sentences concurrently or consecutively, and a challenge to the exercise of that discretion does not ordinarily raise a substantial question. *Commonwealth v. Pass*, 914 A.2d 442, 446–47 (Pa. Super. 2006); *Commonwealth v. Hoag*, [665 A.2d 1212, 1214 (Pa. Super. 1995)] (stating that an appellant is not entitled to a "volume discount" for his crimes by having his sentences run concurrently).

We are mindful, however, that "the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010). An appellant making an excessiveness claim raises a substantial question when he "sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." [*Commonwealth v.* ]*Mouzon*, 812 A.2d [617, 627 (Pa. 2002)]. Applying *Mouzon*, this Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question. *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa. Super. 2005). Because we interpret [appellant's] arguments as raising substantial questions under both *Felmlee* and *Mastromarino*, we grant [appellant's] petition for allowance of appeal and consider the merits of his claim.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014).

Thus, because Appellant argues that the trial court erred in failing to consider mitigating factors in conjunction with an excessiveness claim, Appellant has raised a substantial question.

Instantly, Appellant choked, bound, and gagged the victim, who was his girlfriend, and left her alone in a second-floor bedroom where she died. Appellant then stole her television and car and fled. At sentencing, Appellant presented the testimony of Dr. Alan Tepper, a clinical psychologist. Dr. Tepper testified that Appellant's IQ fell in below the low-average range. N.T., 12/16/2013 at 12. Dr. Tepper further testified that Appellant suffered from schizo-affective disorder, which is characterized as having difficulty with emotions, including past depression. *Id*. at 14. According to Dr. Tepper, Appellant's mental disorder further compromised his already limited problem solving ability. *Id*. at 15.

Contrary to Appellant's claim, the trial court did consider this mitigating testimony when it stated its reasons on the record for the sentence imposed.

> As we know, there is a long history of mental illness. First, diagnosed at age ten. [Medications] were tried. There [were] hospitalizations at various times.
>
> [Appellant] does have combined with his mental health problems some substance abuse issues. He has in the past used crack cocaine, marijuana and drinking of alcohol.
>
> What we have here is the extreme act of violence with multiple layers to it. When one considers the choking, the binding, the gagging, these things were just horrible for Lori Jefferson to have experience[d] individually, and much more magnified collectively. We then have the stealing of the Volvo after that, and the significant criminal history I already referred to, most significant being the prior robbery in Florida, which is an extreme act of violence in and of itself even when death is not cause[d].

> Quite frankly, I do not find mitigation in this case, even though I have considered his mental status and the testimony of his witness today.

Trial Court Opinion, 6/19/2014, at 8 (citing N.T., 12/16/2013, at 38-39.

We cannot say that imposing consecutive standard range sentences, resulting in a sentence of 27 to 65 years' incarceration, was manifestly excessive or unduly harsh in light of this conduct. Moreover, the trial court clearly considered the mitigating evidence and rejected it in this case. Thus, we hold the trial court did not abuse its discretion and conclude that Appellant's issue challenging the discretionary aspects of sentencing is frivolous. Moreover, we have conducted a "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." **Flowers**, 2015 PA Super 69, 2015 WL 1612010 at *2. Thus, we permit counsel to withdraw.

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.

P.J.E. Bender concurs in the result.

Judge Donohue concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/2015

- 10 -