J-S65025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HAKEEM WILLIAMS, | |
| Appellant | No. 3065 EDA 2014 |

Appeal from the Judgment of Sentence September 24, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015407-2010

BEFORE:  BENDER, P.J.E., SHOGAN, and JENKINS, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED NOVEMBER 06, 2015**

Appellant, Hakeem Williams, appeals from the judgment of sentence entered on September 24, 2014, following the revocation of his probation. We affirm.

The trial court set forth the relevant facts and procedural history of this matter as follows:

> [Appellant] (A/K/A Hakim King) first appeared before this Court on August 10, 2011, when he pled guilty to Criminal Trespass, 18 Pa. C.S.A. § 3503(a) (1) (ii), a felony of the second degree; and Simple Assault, 18 Pa. C.S.A. § 2701(A), a misdemeanor of the second degree.[1] This Court sentenced

---

[1] The underlying charges in this matter originated from Appellant's attack on a woman he followed home.  Appellant broke inside the victim's house, knocked the victim to the floor, dragged her outside, pulled out a knife, threatened to use the knife, stole the victim's telephone, and attempted to steal her purse.  Criminal Complaint, 11/19/10, at 2.

[Appellant] to 11½ to 23 months [of] incarceration followed by 60 months reporting probation for Criminal Trespass, and 24 months reporting probation for Simple Assault running concurrent to the first two years of probation on the Criminal Trespass charge. This Court also issued a Protection From Abuse - Stay Away Order barring [Appellant] from being in the neighborhood of the victim of his crimes. [Appellant] was eligible for a county re-entry program and was also credited with 30 days time served.[1]

> [1] [Appellant] was represented during the guilty plea and sentencing by the Defender Association of Philadelphia.

[Appellant] was paroled from county prison on October 10, 2011. [Appellant] never reported following his parole. On October 19, 2011, [Appellant's] probation officer received a call from the victim of [Appellant's] crimes stating that neighbors told her they had seen [Appellant] lurking around her block. The victim also informed the probation officer that a man came to her door and told her that he had been sent by [Appellant] to ascertain whether or not she still lived there. A warrant was issued for [Appellant] on October 24, 2011 and he was arrested on October 26, 2011. [Appellant] was released, pending a Violation of Probation (VOP) hearing, on a certified detainer by Philadelphia Prison Population Management on November 25, 2011 despite his refusal to sign a document containing a promise to show up for all future court hearings. On December 5, 2011, [Appellant] failed to appear for his VOP hearing and this Court issued a bench warrant.

On February 21, 2012, while a fugitive, [Appellant] was arrested in connection with armed robberies at two convenience stores. The United States Attorney's Office indicted [Appellant] on robbery and gun charges related to both of the robberies. On April 8, 2014, [Appellant] was found guilty in the United States District Court for the Eastern District of Pennsylvania of two counts of "Robbery which interfered with interstate commerce; Aiding & Abetting" (18 U.S.C. § 1951(a); 18:2) and two counts of "Using and carrying a firearm during and in relation to a crime of violence; Aiding & Abetting" (18 U.S.C. § 924 (C) (1); 18:2).[2] On May 15, 2014, [Appellant] was sentenced to 498 months incarceration followed by five years of supervised release as well as $1,914 in restitution, and a $400 special assessment.

[2] United States v. Hakim King, 2014 WL 7330456 (E.D.P.A. 2014). A "Memorandum of Reasons for Sentencing Procedures" was written by Baylson, J., on December 19, 2014.

[Appellant] next appeared before this Court on September 24, 2014 for a VOP hearing. Although the VOP hearing was originally scheduled due to [Appellant's] technical violation of failing to report, the subsequent federal indictments and convictions constituted a direct violation. At this hearing, this Court found [Appellant] in direct violation of probation. On the same date, with the aid of a Pre[-]sentence Investigation (PSI) Report prepared on August 8, 2014, this Court sentenced [Appellant] to 42-84 months incarceration in state prison for Criminal Trespass followed by 24 months of reporting probation for Simple Assault. These sentences are consecutive to the [Appellant's] 498 month federal sentence.

Trial Court Opinion, 1/23/15, at 1-3 (footnote added). On October 22, 2014, Appellant filed a timely appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.[2]

_____

[2] Following the imposition of sentence after the revocation of his probation, Appellant filed a timely post-sentence motion. However, Appellant filed his notice of appeal before the trial court ruled on the motion. The Commonwealth argues that Appellant failed to preserve his sentencing issue because he deprived the trial court of jurisdiction when he filed his appeal while his post-sentence motion was pending. Commonwealth's Brief at 8. Pursuant to our Rules of Criminal Procedure, a motion to modify a sentence imposed following revocation of probation does not toll the appeal period. *Commonwealth v. Burks*, 102 A.3d 497, 499-500 (Pa. Super. 2014); Pa.R.Crim.P. 708(E). Therefore, while Appellant filed a timely post-sentence motion, he was, nevertheless, required to file his notice of appeal before the trial court addressed his motion. Moreover, while Appellant states that the trial court denied this motion on October 2, 2014, Appellant's Brief at 6, no order appears on the docket.

On appeal, Appellant raises the following issue:

Did not the sentencing court err as a matter of law, abuse its discretion, and violate general sentencing principles when, following a revocation of probation, it imposed an aggregate sentence of 3½ to 7 years' incarceration to be served consecutively to the underlying federal direct violation term of 41½ years' imprisonment where: the sentence was manifestly excessive and unreasonable; surpassed what was required to protect the public, the complainants, and the community; greatly exceeded what was necessary to foster Appellant's rehabilitation; and failed to state adequate reasons for imposing such a harsh consecutive sentence?

Appellant's Brief at 4.

Appellant's claim challenges the discretionary aspects of his sentence. An appellant seeking to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. *Commonwealth v. Kalichak,* 943 A.2d 285, 289 (Pa. Super. 2008); 42 Pa.C.S. § 9781(b). However, before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in a four-pronged analysis:

[W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)). *See also* Pa.R.Crim.P. 708, cmt. (discussing proper preservation of issues

- 4 -

challenging discretionary aspects of a sentence imposed following a revocation hearing).

We note that Appellant has met the first three parts of the four-prong test: Appellant timely filed an appeal; Appellant preserved the issue in a post-sentence motion; and Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. Thus, we next assess whether Appellant has raised a substantial question.

A determination as to whether a substantial question exists is made on a case-by-case basis. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000). This Court will grant the appeal "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* at 912–913.

In his Rule 2119(f) statement, Appellant argues that the trial court imposed a manifestly excessive sentence and relied on improper factors.[3]

---

[3] We note the disparity between Appellant's Pa.R.A.P. 2119(f) statement and the issues Appellant raised in his statement of questions presented. The only issue presented in Appellant's Pa.R.A.P. 2119(f) statement is the trial court's consideration of improper factors. However, in Appellant's statement of questions presented, he assails the aggregated length of his sentences and the trial court's alleged failure to provide its reasons for the sentence. Appellant's Brief at 4. We also point out that the Commonwealth has objected to Appellant's Pa.R.A.P. 2119(f) statement. Commonwealth's Brief at 9. While Appellant's Pa.R.A.P. 2119(f) statement fails to raise all of the
*(Footnote Continued Next Page)*

Appellant's Brief at 8-9. We conclude that Appellant has raised a substantial question. *See Commonwealth v. P.L.S.*, 894 A.2d 120, 127 (Pa. Super. 2006) (holding that a claim that the sentencing court considered impermissible factors raises a substantial question).

Our standard of review in cases involving challenges to the discretionary aspects of a sentence is well settled. We have explained that:

> [t]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

> *Commonwealth v. Simmons*, 56 A.3d 1280, 1283–84 (Pa. Super. 2012).

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the

*(Footnote Continued)* ───────────

issues Appellant purports to argue in his brief, we conclude that the Commonwealth did not specifically raise an objection on this basis requiring waiver. *See Commonwealth v. Karns*, 50 A.3d 158, 166 (Pa. Super. 2012) (if a defendant fails to include an issue in his Pa.R.A.P. 2119(f) statement, and the Commonwealth objects, the issue is waived). However, while Appellant mentions the trial court's alleged failure to state its reasons for the sentence imposed and the consecutive nature of the sentences, Appellant's Brief at 12, 13, these claims are undeveloped and, therefore, waived. *See Commonwealth v. Scarborough*, 89 A.3d 679, 687 (Pa. Super. 2014) (stating that claims that are not developed in briefs are waived).

crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

*Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003).

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). "Upon revocation of probation ... the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted). However, 42 Pa.C.S.A. § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

*Commonwealth v. Colon*, 102 A.3d 1033, 1043-1044 (Pa. Super. 2014). Finally, this Court must show a high degree of deference to the trial court's sentencing determinations, because the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (citation omitted).

In the case at bar, Appellant complains that the trial court relied on improper factors when it imposed his sentence. Specifically, Appellant

argues "the trial court noted only two factors when imposing its sentence: first, what it regarded as Appellant's zero potential for rehabilitation, thus neatly combining vindictiveness with an adopted clairvoyance, and second, its duty to protect the public, which, is in effect, the same thing." Appellant's Brief at 14 (internal citations and quotation marks omitted). We conclude that Appellant's argument is meritless as the trial court considered all relevant sentencing factors, had the benefit of a pre-sentence investigation report, and stated numerous reasons for the sentence imposed. N.T., Sentencing, 9/24/14, 10-14; 21-24. In its Pa.R.A.P. 1925(a) opinion, the trial court addressed Appellant's claims of sentencing error as follows:

> The sentence imposed by this court, with the aid of the PSI Report, was reasonable and conforms to all statutory standards.[4]
>
> > [4] "Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful

fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand". Commonwealth v. Devers, 519 Pa. 88, 101-102 (Pa. 1988).

When fashioning a sentence, a court should "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa. C.S.A. § 9721(b). "In every case in which the court imposes a sentence … following revocation of probation … the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." Id. Despite [Appellant's] erroneous claim that this Court "failed to adequately state its reasons for imposing such a harsh sentence," this Court stated on the record, at the VOP sentencing, its reasons for the sentence in accordance with the factors in § 9721:

"This is the minimum sentence. I didn't give him the maximum sentence. This is the minimum sentence that is consistent with his nonexistent likelihood of being rehabilitated. There is zero percent chance of him being rehabilitated. And balancing that zero percent with my duty to protect the public, which is what I have just done."

(N.T. 9/24/14, p. 23).

Furthermore, a court may impose a sentence of total confinement upon revocation if it finds that "the defendant has been convicted of another crime" or "the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned" or if total confinement is "essential to vindicate the authority of the court." 42 Pa. C.S.A. § 9771(c). [Appellant] inexplicably argues that this court failed to comply with the requirements of § 9771(c), this argument is clearly erroneous. First, [Appellant] was convicted of not one, but four other crimes; making the sentence of total confinement reasonable and in accord with the statute. Second, based on [Appellant's] actions in the original violent criminal act for which he was on probation, the armed robberies he committed while

the VOP hearing was pending, and the complete non-compliance and disregard for probation, this Court found that [Appellant] will commit another crime. Again, this is in compliance with § 9771(c). Finally, the sentence of total confinement was necessary to vindicate the authority of this court. Not only did [Appellant] not report at all for this Court's probation, the pre-sentence investigator noted in the PSI report, and this Court read aloud at the sentencing hearing, that "a review of [Appellant's] criminal history indicates that he has violated nearly every period of community supervision that was ordered. It appears that he has a blatant disregard for the judicial system and this Court." (N.T. 9/24/14, p. 21-22); (PSI Report, 8/5/14, Evaluative Summary).

[Appellant's] argument that the sentence is excessive because it is consecutive to his federal sentence is without merit. A claim of excessive sentence, based on the imposition of consecutive sentences, generally does not raise a substantial question for appellate review." *See **Commonwealth v. Pass***, 914 A.2d 442, 446 (Pa. Super. 2006) (reinforcing Pennsylvania's well settled precedent that a challenge of exercise of discretion by trial court in imposing a consecutive sentence fails to raise a substantial question).  To find otherwise would eviscerate the discretion given to sentencing court by 42 Pa. C.S.A. § 9721(a). However, even if the merits of this claim are reached, this Court's ability to sentence [Appellant] to any alternative available at the time of the original sentencing is in no way affected by another sentence [Appellant] is serving. To find otherwise would protect a defendant from any repercussions of committing a crime once they are punished for committing a completely separate crime.

This Court focused on the statutory factors discussed above in fashioning the sentence. [Appellant] assaulted a woman after busting open the door to her home, and then, while still facing a VOP hearing for complete non-compliance, went on to commit two armed robberies, one of which involved discharging a firearm and wounding an employee of the store when the bullet sent debris into the employee's eye. These facts, the danger to the public inherent in crimes involving such facts, and [Appellant's] failure to abide by any type of community supervision or show any amenability to rehabilitation provide ample justification for the sentence imposed by this Court.

Therefore, this claim is without merit and should not serve as a basis for relief.

Trial Court Opinion, 1/23/15, at 5-8.

After review, we discern no abuse of discretion. The trial court considered the relevant sentencing factors including a pre-sentence investigation report, and it explained its reasons for the sentence imposed. The trial court sentenced Appellant to a term it deemed appropriate under the individual circumstances presented following Appellant's refusal to comply with the terms of his probation and his commission of new crimes. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/2015