J-S26004-19

2019 PA Super 283

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
ANDREW LINEMAN :
:
Appellant : No. 1326 EDA 2018

Appeal from the Judgment of Sentence March 28, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004774-2017

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

OPINION BY PANELLA, P.J.: **FILED SEPTEMBER 16, 2019**

Andrew Lineman appeals from the judgment of sentence entered

following his conviction for Violation of the Uniform Firearms Act, 18 Pa.C.S.A.

§ 6105 ("VUFA"). Lineman contends his conviction was against the sufficiency

and weight of the evidence presented at trial. We affirm.

On November 27, 2017, Lineman appeared for a waiver trial on charges

of illegally possessing a firearm. The trial court summarized the facts of this

case as follows.

> On May 17, 2017, Philadelphia Police Officer Brian Benz was on
> routine patrol when he received a radio call indicating that a male
> was screaming for assistance in the area of 6th and Cumberland
> Streets in Philadelphia. The officer proceeded to that location and
> observed [Lineman] and another male struggling on the ground.
> [Lineman] was lying on the ground and the other male was on top
> of him. Officer Benz ordered the male to get off of [Lineman]. As

_____

* Retired Senior Judge assigned to the Superior Court.

[Lineman] began to stand Officer Benz heard the sound of metal scraping the ground, drawing the officer's attention to [Lineman's] hand. In his hand, Officer Benz saw an Uzi handgun. The officer immediately pushed [Lineman] to the ground at which time another police officer kicked the gun from [Lineman's] hand.[1] Officer [Benz] testified that [Lineman] was holding the gun as if preparing to shoot someone.[2] [Lineman] said nothing, appeared to be under the influence, and had a strong chemical odor emanating from him.[3] In addition, [Lineman] was bleeding from his face and was taken for treatment by medical personnel. Calvin Bonaparte, the other male, did not talk to police and he appeared uninjured. Bonaparte left after it was determined that there was no reason to hold him. By way of a stipulation, the parties agreed that [Lineman] was not eligible to possess a firearm.

[Lineman] testified in his own defense, stating that on the day of the incident he and Bonaparte, a long-time acquaintance, planned to share a bottle of liquor when Bonaparte began acting strangely while driving in [Lineman's] vehicle. [Lineman] told Bonaparte that he decided to drive him home.

According to [Lineman], Bonaparte pulled out a gun. [Lineman] then asked Bonaparte what was up and Bonaparte hit him in the

---

[1] Officer Benz testified that Lineman did not resist and cooperated with the officers. *See* N.T., Waiver Trial, 11/27/15, at 13.

[2]     THE COURT: How was he holding it?

   THE WITNESS: He just had it in his hand like this. (Indicating.)

   THE COURT: In other words, his hand was on the grip stock?

   THE WITNESS: Yes.

   THE COURT: Like you would prepare to shoot somebody?

   THE WITNESS: Yes.

N.T., Waiver Trial, 11/27/2017, at 15.

[3] Lineman disputed that he was under the influence of any type of substance. *See id.*, at 32.

- 2 -

face with the gun, breaking his nose and cutting him. After Bonaparte struck him, [Lineman] attempted to wrestle the gun away from him. [Lineman] testified that he yelled for help and managed to get the better of Bonaparte. Once he did so, he opened the door to the car and both men tumbled out with Bonaparte landing on top. The police arrived while the two men were fighting.

Trial Court Opinion, filed 9/27/2018, at 2-3 (internal citations omitted).

At the conclusion of the trial, the parties were permitted to file memoranda outlining their respective positions concerning the applicability of the defense of duress to a possessory offense. After receiving memoranda from both parties, the court noted that it believed the defense of duress was available to Lineman, but nonetheless found him guilty based on a credibility determination. Lineman filed a motion for extraordinary relief, which was denied by the trial court. He was then sentenced to three to seven years' incarceration. Lineman filed a post-sentence motion challenging the sufficiency and weight of the evidence, which was denied. This timely appeal followed.

In his first issue on appeal, Lineman asserts the evidence was insufficient to convict him of VUFA as he testified to a belief he acted in self-defense.

The trial court found the issue waived as it concluded Lineman did not present it at trial. On appeal, the Commonwealth continues to press for waiver. The Commonwealth asserts that Lineman only presented the defense of duress at trial and blurs the lines between of self-defense, justification and

duress in his brief. However, Lineman included case law on self-defense and justification for possessory offenses in his letter brief to the trial court prior to sentencing, as well as in his motion for extraordinary relief. Thus, we will address the issue on its merits.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the Commonwealth as verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

"The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Id*. (citation omitted). "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." *Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Bruce*, 916 A.2d at 661 (citation omitted). Furthermore, a mere conflict in the testimony of the

witnesses does not render the evidence insufficient because the factfinder is free to believe all, part, or none of the evidence. ***Commonwealth v. Baskerville***, 681 A.2d 195, 200 (Pa. Super. 1996).

To sustain a conviction under 18 Pa.C.S.A. § 6105, the Commonwealth must prove that Lineman "possessed a firearm and that he was convicted of an enumerated offense that prohibits him from possessing, using, controlling, or transferring a firearm." ***Commonwealth v. Thomas***, 988 A.2d 669, 670 (Pa. Super. 2009).

Lineman does not dispute that he possessed the firearm or that he is legally prohibited from possessing a firearm. He claims the evidence was insufficient to sustain his conviction because his possession of the firearm was justified, negating the intent requirement necessary to convict him of unlawful possession of a firearm. Lineman contends his own "uncontroverted testimony established that he believed it was necessary to wrestle the gun away from Bonaparte in order to avoid a further harm or evil to himself." Appellant's Brief, at 28-29.

This Court has recently acknowledged the lack of case law on this particular matter in this Commonwealth. ***See Commonwealth v. Miklos***, 159 A.3d 962, 968 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1042 (Pa. 2017). As a result, the ***Miklos*** panel, guided by decisions from other jurisdictions, recognized the validity of a justification defense to charges of unlawfully possessing a firearm. ***See id***. at 968-969. Since a justification

defense challenges whether the defendant acted with intent, the Commonwealth bears the burden of disproving justification. **See id**. at 967-968 (affirming the trial court's conclusion that the Commonwealth bears the burden of disproving justification).

Pursuant to **Miklos**, we hold that a justification defense is available for a possessory offense where a defendant plausibly argues he did not intentionally possess the firearm. Nevertheless, we agree with the trial court that there is sufficient evidence to show Lineman was not justified under the facts before the trial court.

The trial court responded to the issue of justification during a brief hearing held after counsel for both parties submitted letter briefs on the availability of the defense.

> This [c]ourt held it under advisement for the [c]ourt to perform its own research about the availability of this particular defense on the possession issue.
>
> After doing so, this [c]ourt finds the defendant guilty of these charges, notwithstanding the fact that I think theoretically that the defense is available. It was a credibility call. And I find that – I believe the police officer, so.

N.T., Hearing, 12/21/2017, at 4.

The trial court further addressed the issue, albeit briefly, in its opinion. The court relied on the officer's testimony that Lineman was holding the gun as if he were about to shoot someone, **see** N.T., Trial, 11/27/2017, at 15, and found that this evidence "undermines any claim of self-defense or duress …

because it showed that he consciously possessed the weapon and likely would have used it had police not intervened." Trial Court Opinion, at 4.

Based on the foregoing, we discern no error in the trial court's conclusion that Lineman's possession of the gun was not justified and that he was guilty of the offense. It is uncontroverted that Lineman was previously convicted of an enumerated offense which prevented him from possessing a firearm. Further, the court credited the testimony of Officer Benz that Lineman possessed a firearm when the officers broke up the altercation and that he was holding the gun in a manner in which he could shoot someone, showing he intentionally possessed the weapon. **See Miklos**, 159 A.3d at 968 (concluding that trial court was entitled to find that defendant's possession was justified for some, but not all, of the time he possessed it). We find the evidence was sufficient to sustain Lineman's conviction.

In his second issue on appeal, Lineman asserts the verdict was against the weight of the evidence. Specifically, he argues the verdict was so contrary to the evidence that it shocks one's sense of justice because the evidence established that his actions were justified and lawfully taken in self-defense.

We do not review challenges to the weight of the evidence *de novo* on appeal. **See Commonwealth v. Rivera**, 983 A.2d 1211, 1225 (Pa. 2009). Rather, we only review the trial court's exercise of its discretionary judgment regarding the weight of the evidence presented at trial. **See id**.

"[W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice." ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003) (citations omitted). A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." ***Commonwealth v. Davidson***, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted).

The trial court addressed this issue when it stated on the record that its decision was a credibility determination and that it believed the testimony of the officer over Lineman's testimony. ***See*** N.T., 12/21/2017, at 4. We find this credibility determination is not shocking and was thoroughly within the court's discretion and function as factfinder. Thus, Lineman's final issue merits no relief.

As Lineman has not established any right to relief on appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/16/19