J-S14007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW LINEMAN | : | |
| | : | |
| Appellant | : | No. 2542 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 25, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005249-2017

BEFORE:  BOWES, J., KING, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED SEPTEMBER 3, 2020**

Andrew Lineman appeals from his June 25, 2018 judgment of sentence imposed after he pled guilty to charges of aggravated assault by vehicle while driving under the influence ("DUI"), aggravated assault by vehicle, DUI: controlled substance or metabolite, DUI: impaired ability, and intentional possession of a controlled substance by a person not registered.  We affirm.

On December 28, 2016, Appellant was speeding while driving along North 2nd Street in Philadelphia, Pennsylvania, shortly after smoking phenylcyclohexyl piperidine ("PCP").  Appellant drove through a red light, and struck a pick-up truck driven by Jeffrey Scott ("the victim"), who suffered traumatic brain injuries.  When Philadelphia Police arrived on scene, an officer observed Appellant climbing out of his vehicle with a bottle of vodka in his hand.  The officer spoke to Appellant, and immediately noticed his blood-shot

eyes, slurred speech, and slowed movements. Appellant admitted he had been drinking alcohol, and the officer also suspected that Appellant was under the influence of additional intoxicants. The officer searched Appellant's vehicle and also discovered a pill bottle later determined to contain twenty-eight pills of Alprazolam, a controlled substance for which Appellant had no prescription.

Appellant was transported to the hospital, where he confessed to another officer that he had been smoking PCP just prior to the accident. Appellant consented to a blood test, which confirmed the presence of PCP and also indicated Appellant had been using marijuana. Appellant was arrested and charged with, *inter alia*, the aforementioned offenses.

While Appellant was out on bail for these charges, he was arrested and convicted of a violation of the Uniform Firearms Act ("VUFA") in a separate case, and was ultimately sentenced to three to seven years' incarceration for that offense. **See Commonwealth v. Lineman**, 219 A.3d 684, (Pa.Super. 2019), **reversed at** 2020 WL 4558563 (Pa. Aug. 7, 2020) ("**Lineman**"). Appellant entered a non-negotiated guilty plea to the above-referenced DUI charges. On June 25, 2018, the trial court imposed an aggregate sentence of three to ten years of incarceration,[1] set to run consecutively to the sentence he was already serving in connection with his separate conviction in **Lineman**.

_____

[1] Appellant was sentenced to three to ten years of incarceration in connection with his plea to aggravated assault while driving under the influence ("DUI"). He also received respective sentences of one to two years of incarceration in

- 2 -

Appellant filed a timely post-sentence motion requesting reconsideration of his sentence on the grounds that, *inter alia*, setting his sentence in this case to run consecutive to his sentence in **Lineman** rendered the overall sentence excessive. On July 24, 2018, the trial court denied his post-sentence motion, and Appellant timely appealed. Both Appellant and trial court timely complied with their obligations under Pa.R.A.P. 1925.

Appellant presents a single claim for our consideration:

Did the sentencing court err as a matter of law, abuse its discretion, and violate general sentencing principles when it sentenced defendant to 19-38 years' incarceration; where this sentence was manifestly excessive and unreasonable; far surpassed what was required to protect the public, the complainants, and the community; went well beyond what is necessary to foster [Appellant]'s rehabilitation; and was grossly disproportionate to the crime?

Appellant's brief at 1. In essence, Appellant challenges the trial court's discretionary imposition of a sentence set to run consecutively to his separate sentence in **Lineman**.

Appellant's claim is a challenge to the discretionary aspects of his criminal sentence. We review such claims for an abuse of discretion. *See* **Commonwealth v. Moury**, 992 A.2d 162, 169-70 (Pa.Super. 2010). "An abuse of discretion may not be found merely because an appellate court might

_____

connection with his pleas to aggravated assault by vehicle, DUI: controlled substance or metabolite, and DUI: impaired ability. All three of these sentences were set to run concurrently with his sentence for aggravated assault while DUI. Appellant received no further penalty in connection with the remaining possessory charge.

have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id*. at 170. "The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Id*.

At the outset, we note that "there is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super. 2010). Rather, an Appellant must satisfy a four-part test by: (1) filing a timely notice of appeal; (2) preserving the underlying issue at sentencing or in a post-sentence motion; (3) including a concise statement pursuant to Pa.R.A.P. 2119(f) in his brief; and (4) raising a substantial question that the sentence appealed from is not appropriate under the Pennsylvania Sentencing Code. *See Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa.Super. 2015). Instantly, Appellant has complied with the first three of these technical requirements. Before we may consider the merits of Appellant's claims, however, we must determine whether he has raised a "substantial" question.

An appellant presents a substantial question in this context by setting forth a "plausible argument that the sentence violates a provision of the sentencing code[,] or is contrary to the fundamental norms of the sentencing

process." ***Crump***, ***supra*** at 1282. Merely alleging that a sentence is excessive does not raise a substantial question. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa.Super. 2013).

Generally, the decision to sentence a defendant consecutively rather than concurrently is within the discretion of the sentencing court. ***See***, ***e.g.***, ***Commonwealth v. Ali***, 197 A.3d 742, 765 (Pa.Super. 2018). A substantial question as to consecutive sentences exists only if "the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Commonwealth v. Caldwell***, 117 A.3d 763, 771 (Pa.Super. 2015). Absent such excessiveness, this Court has routinely held that the mere imposition of a criminal sentence set to run consecutively to a separate criminal sentence does not raise a substantial question. ***See Commonwealth v. Pass***, 914 A.2d 442, 444 (Pa.Super. 2006) (recognizing "long-standing precedent" that "affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences . . . already imposed").

Appellant's alleged substantial question concerns the trial court's imposition of a three-to-ten-year sentence set to run consecutively to the separate three-to-seven-year sentence in ***Lineman***. ***See*** Appellant's brief at 12 (arguing that the sentence fashioned by the trial court "went far beyond what is necessary to foster [Appellant's] rehabilitation" and was "grossly disproportionate to [his] crimes"). Overall, Appellant characterizes a potential seventeen-year sentence as manifestly excessive. ***Id***.

As noted above, Appellant's claim concerning the consecutive nature of his sentence would not ordinarily raise a substantial question unless "the case involved circumstances where the application of the guidelines would be clearly unreasonable." *See Dodge*, *supra* at 1270. This is not such a case.[2]

In its Rule 1925(a) opinion, the trial court stated that the sentence was imposed after carefully considering all appropriate factors, including the severity of the offense, the impact on the victim, appellant's likelihood of committing another crime, and the safety and protection of the community. *See* Trial Court Opinion, 7/12/19, at 6-9. In particular, the trial court focused

_____

[2] Appellant has attempted to cast his case in the same light as the circumstances presented in *Dodge*. *See* Appellant's brief at 13-15. In *Dodge*, a 42-year-old defendant was sentenced to an aggregate term of fifty-two and one-half years to 111 years of incarceration in connection with thirty-seven separate charges of receiving stolen pieces of costume jewelry. *Id*. at 1200, 1202. Our Supreme Court vacated the sentence as unreasonable and excessive, rejecting the notion of "imposing a life sentence for non-violent offenses with limited financial impact." *Id.* at 1202.

*Dodge* is not an appropriate parallel to Appellant's case. While Appellant's crimes were not overtly violent, his actions had permanent, life-changing physical, financial, and emotional impacts upon the victim. In particular, the victim suffered a traumatic brain injury that has negatively affected his memory. The victim is perpetually numb on his right side, and has very limited use of his right-sided limbs. Consequently, he is unable to work or support his family. *See* N.T. Sentencing Hearing, 6/25/18, at 7.

Appellant's arguments minimize these harrowing consequences, and insinuate that the trial court did not appropriately consider Appellant's rehabilitative needs. However, the certified record belies Appellant's arguments. The trial court fully considered Appellant's protracted struggles with addiction in crafting his sentence. *Id*. at 7-8, 10-14.

upon Appellant's criminal record and history of substance abuse, coupled with the injuries sustained by the victim:

> Appellant's criminal history consisting of a variety of drug possession and DUI charges for which he has not received any penalty demonstrates that he has not learned from his reckless actions. Despite being given break after break, he has not taken these opportunities to get his life together. Unfortunately, this time, Appellant's dangerous and selfish decision to drive under the influence resulted in this traffic accident that has significantly changed the victim's life forever.

*Id*. at 8. Moreover, the trial court correctly noted that the sentence was within the applicable guidelines. In addressing Appellant's claim concerning the imposition of a consecutive sentence, the trial court averred that Appellant did not raise a substantial question because the choice to impose a consecutive sentence was well within its discretion in light of the circumstances of Appellant's offenses. We agree with the trial court's assessment.

Our review of the certified record confirms that the sentencing court properly considered Appellant's situation, the relevant circumstances of his offenses, all presentence investigations, and the precepts of the Sentencing Code. *Accord* 42 Pa.C.S. § 9781(d)(1)-(4). The trial court stated on the record that Appellant's substance abuse history, his numerous prior DUI and controlled substance convictions, and the serious injuries to the victim justified the consecutive sentence. *See* N.T. Sentencing, 6/25/2018, at 7-8, 10-14. In the trial court's view, Appellant's pattern of behavior posed an escalating threat to his community. *Id*. at 13 ("[W]hat I'm concerned about is the

[e]ffect it had on [the victim] and the fact that you had a number of opportunities to deal with your problems and have not dealt with them.").

In sum, Appellant has not advanced a colorable argument that the imposition of a consecutive sentence was either inconsistent with a specific provision of the Sentencing Code, or contrary to the fundamental norms underlying the sentencing process.[3] In view of the foregoing, we find that Appellant has not raised a substantial question. **Accord Pass**, **supra** at 444.

Judgment of sentence affirmed.[4/5]

_____

[3] Due to the nature of our holding, we do not address the merits of Appellant's claim concerning the consecutive nature of his sentence. However, on August 7, 2020, our Supreme Court entered a *per curiam* order in **Commonwealth v. Lineman**, 2020 WL 4558563 (Pa. Aug. 7, 2020), that reversed the judgment of this Court in **Commonwealth v. Lineman**, 219 A.3d 684 (Pa.Super. 2019) (collectively, "**Lineman**"). Assuming, *arguendo*, that Appellant's claim presented a substantial question, the Supreme Court's order renders his substantive sentencing argument moot since Appellant's judgment of sentence in **Lineman** has been vacated and his conviction reversed.

[4] On August 12, 2020, Appellant filed an application for a stay of proceedings, asserting that the Supreme Court's *per curiam* order "**may** affect [Appellant's] sentencing guidelines in this case, the legality of that sentence, and the arguments made by Counsel in its appellate brief[.]" Appellant's Application for Stay of Proceedings, 8/12/20, at ¶ 7 (emphasis added). Critically, Appellant has provided no discussion or argument concerning how the reversal of **Lineman** will affect the legality of Appellant's sentence in this separate case. **Cf**. Pa.R.A.P. 123 (requiring an application for relief to "state with particularity the grounds on which it is based"). Rather, Appellant has offered only the sheer possibility of future claims and issues that may arise. As such, we deny Appellant's application for an open-ended stay of proceedings.

[5] To the extent that the Supreme Court's *per curiam* order in **Lineman** raises concerns regarding the validity of the sentencing guidelines in this case, we note that Appellant's reversed conviction in **Lineman** was not included in

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/3/2020

---

thecalculation of Appellant's prior record score. **See** 204 Pa. Code § 303.8(a)(1) ("In order for an offense to be considered in the Prior Record Score, both the commission of and conviction for the previous offense must occur **before** the commission of the current offense." (emphasis added)). All of the events in **Lineman** took place **after** Appellant's commission of the crimes in this case. Moreover, our review of the certified record confirms that Appellant's conviction in **Lineman** was properly excluded from the calculation of his sentencing guidelines.