**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Darwin L. PASS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 10, 2006.
Filed Dec. 12, 2006.

Patrick J. Connors, Media, for appellant.

Vram Nedurian, Jr., Assistant District Attorney, Media, for Commonwealth, appellee.

BEFORE: STEVENS, PANELLA, JJ., and McEWEN, PJE.

OPINION BY STEVENS, J.:

¶ 1 This is a consolidated appeal from the judgments of sentence entered in the

Court of Common Pleas of Delaware County following the revocation of Appellant's probation and parole. In addition, on appeal, appellate counsel has filed a petition to withdraw his representation pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). We grant counsel's petition to withdraw and affirm Appellant's judgments of sentence.

¶ 2 The record discloses the following relevant facts and procedural history: On March 25, 2002, at lower court docket numbers 4530–01, 1093–02, and 1106–02, Appellant entered a negotiated guilty plea to charges arising from three separate incidents. Specifically, at docket number 4530–01, Appellant pled guilty to forgery;[1] at docket number 1093–02, Appellant pled guilty to possession of a controlled substance, driving while operating privilege is suspended or revoked, and operation of a motor vehicle without required financial responsibility;[2] and at docket number 1106–02, Appellant pled guilty to default in required appearance and making false reports to authorities.[3] On that same date, he was sentenced to three years probation for his forgery conviction at docket number 4530–01, an aggregate of twelve months probation and ordered to pay fines for his convictions at docket number 1093–02, and two consecutive sentences of one year probation for his convictions at docket number 1106–02. The sentences imposed on the three docket numbers were to run concurrently to each other.

¶ 3 In addition, on August 12, 2002, at lower court docket number 3287–02, Appellant entered into a negotiated plea for charges arising from a fourth, unrelated incident. Specifically, Appellant pled guilty to possession of a controlled substance, possession of drug paraphernalia, and criminal conspiracy.[4] On that same date, he was sentenced to an aggregate of time served to twelve months incarceration, and he was later paroled.

¶ 4 Subsequently, the Commonwealth filed a petition alleging Appellant violated his probation and parole, and on August 9, 2005, represented by David Sigismonti, Esquire, Appellant proceeded to a probation/parole revocation hearing. During the hearing, Appellant did not dispute that he violated his probation and parole. The trial court then sentenced Appellant to six months to twenty-three months in prison for docket number 4530–01; six to twelve months in prison for docket number 1093–02, which was to run concurrently to the sentence imposed at docket number 4530–01; six months to twelve months in prison, to be followed by one year of probation, at docket number 1106–02, which was to run concurrently to the sentence imposed at docket number 4530–01; and full backtime for the violation of his parole at docket number 3287–02, to run concurrently. The trial court ordered that all of these sentences run consecutively to another unrelated case,[5] for which Appellant was then currently serving time in prison.

¶ 5 Assistant Public Defender Patrick J. Connors filed four timely notices of appeal to this Court on behalf of Appellant, and

---

1. 18 Pa.C.S.A. § 4101.

2. 35 P.S. § 780–113(a)(16), 75 Pa.C.S.A. § 1543, and 75 Pa.C.S.A. § 1786, respectively.

3. 18 Pa.C.S.A. § 5124 and 18 Pa.C.S.A. § 4906, respectively.

4. 35 P.S. § 780–113(a)(16) and (a)(32), and 18 Pa.C.S.A. § 903, respectively.

5. The unrelated case was lower court docket number 4519–02 for which Appellant had approximately thirteen months of prison time left to serve.

we consolidated the appeals. On September 9, 2005, the trial court ordered Appellant to file a Pa.R.A.P.1925(b) statement, and on September 20, 2005, Attorney Connors filed a statement indicating that there were no issues of arguable merit to raise on appeal and he intended to file a petition seeking to withdraw his representation. Recognizing that he had erred in filing such a Pa.R.A.P.1925(b) statement, Attorney Connors filed in this Court an application seeking to remand the matter to the trial court so that he could file a proper court-ordered Pa.R.A.P.1925(b) statement. By order entered on February 22, 2006, this Court remanded the matter to the trial court, directed Appellant to file a Pa.R.A.P.1925(b) statement within fourteen days of the filing of the order, and indicated the trial court should file a responsive Pa.R.A.P.1925(a) opinion. On March 2, 2006, Appellant filed amended Pa.R.A.P.1925(b) statements alleging the sentences imposed on August 9, 2005 were unduly harsh and excessive in that the court ordered the sentences to run consecutively to another unrelated sentence. The trial court filed Pa.R.A.P.1925(a) opinions. Subsequently, Attorney Connors filed with this Court an *Anders* brief and petition to withdraw his representation.

¶ 6 "When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Smith,* 700 A.2d 1301, 1303 (Pa.Super.1997) (citation omitted). To be permitted to withdraw pursuant to *Anders,* counsel must: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention. *Smith, supra.* "After establishing the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Townsend,* 693 A.2d 980, 982 (Pa.Super.1997).

¶ 7 We find that Attorney Connors has complied with all of the antecedent requirements of *Anders.* In his petition and brief, counsel indicated he made a conscientious examination of the record, determined the appeal would be wholly frivolous, indicated he furnished Appellant with a copy of the brief, and stated he advised Appellant of his rights in lieu of representation.[6] Moreover, counsel has provided this Court with a proper *Anders* brief discussing the issue Appellant wished to raise on appeal. Therefore, we shall proceed to an independent evaluation of the record in order to determine the accuracy of counsel's averment that this appeal is wholly frivolous. *Townsend, supra.*

¶ 8 Appellant contends his sentence is excessive because the trial court ordered the sentences imposed on August 9, 2005 to run consecutively to a sentence previously imposed on an unrelated case.[7] This is a challenge to the discretionary aspect of Appellant's sentence for which

---

6. Appellant has not responded to Attorney Connors' petition to withdraw.

7. Following the revocation of Appellant's probation, the trial court possessed the same sentencing alternatives that it had at the time of the initial sentencing. *Commonwealth v. Raphael,* 879 A.2d 1264 (Pa.Super.2005).

there is no automatic right to appeal.[8] *Commonwealth v. Marts*, 889 A.2d 608 (Pa.Super.2005) (holding that challenge to the trial court's imposition of consecutive sentences is a challenge to the discretionary aspects of a sentence).

This appeal is, therefore, more appropriately considered a petition for allowance of appeal. 42 Pa.C.S.A. § 9781(b). Two requirements must be met before a challenge to the judgment of sentence will be heard on the merits. First, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. Second, he or she must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code.

The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Marts*, 889 A.2d at 611–612 (citations omitted).

¶ 9 In the case *sub judice*, Appellant's Rule 2119(f) statement reads, in pertinent part, as follows:

Pursuant to 42 Pa.C.S.A. § 9781(b), [Appellant] petitions the Superior Court to allow this appeal from the discretionary aspects of the sentences imposed upon him. There is a substantial question as to the propriety of those sentences since, in the aggregate, the consecutive nature of the punishment renders them unduly harsh and excessive under the circumstances.

\* \* \*

In the aggregate, the sentences called for a term of 6 months to twenty-three months imprisonment.

Admittedly, these sentences were legal, but running the aggregate sentence consecutively with the other unrelated sentence imposed by Judge Jenkins was unduly harsh and excessive since [Appellant] admitted to the violations, participated in various prison programs to better himself and, most importantly, has five children to support.

Also, the same act used to find him in violation of his probation and parole in these four cases was the same act used to find him in violation of Judge Jenkins' sentence.

This calls the propriety of such a harsh sentence into question and, as such, the Court should permit [Appellant] to appeal the discretionary aspects of the sentence.

Appellant's Brief at 11–12.

¶ 10 Appellant's claim that the trial court erred in ordering his sentences imposed on August 9, 2005 to run consecutively, instead of concurrently, to a previously imposed sentence does not raise a substantial question.

Long standing precedent of this Court recognizes that 42 Pa.C.S.A. section 9721 affords the sentencing court discre-

---

**8.** We note that this claim was sufficiently raised during Appellant's sentencing hearing following the revocation of his probation and the claim was raised in his amended court-ordered Pa.R.A.P.1925(b) statement. *See Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998) (regarding waiver under Pa.R.A.P. 1925(b)); *Commonwealth v. Watson*, 835 A.2d 786 (Pa.Super.2003) (holding that discretionary aspects of sentencing claims must be raised during sentencing hearing or in post-sentence motion in order to be preserved on appeal).

tion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question.

The recent decision of a panel of this Court in *Commonwealth v. Dodge,* 859 A.2d 771 (Pa.Super.2004), does not alter [this] conclusion. In fact, the panel in *Dodge* noted the limitations on its holding. In *Dodge,* the court imposed consecutive, standard range sentences on all thirty-seven counts of theft-related offenses for an aggregate sentence of 58½ to 124 years of imprisonment. The facts and crimes charged in the present case are markedly different.

\* \* \*

In short, as the panel majority itself noted, *Dodge* does not stand for the proposition that a challenge to the imposition of consecutive rather than concurrent sentences raises a substantial question. While in *Dodge* the panel majority concluded that the aggregation of many standard range sentences rendered the appellant's overall sentence excessive, no such concern arises in the present case.

*Marts,* 889 A.2d at 612–613 (citations and parentheticals omitted).

¶ 11 For all of the foregoing reasons, and after an independent review, we conclude Appellant is not entitled to relief and we grant counsel's petition to withdraw his representation.

¶ 12 Affirmed; Petition For Leave to Withdraw is Granted.

¶ 13 McEWEN, PJE CONCURS IN THE RESULT.