J-S72032-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN MORTLAND, | : | |
| | : | |
| Appellant | : | No. 739 WDA 2014 |

Appeal from the Judgment of Sentence Entered April 2, 2014
in the Court of Common Pleas of Mercer County,
Criminal Division, at No(s): CP-43-CR-0001569-2013,
CP-43-CR-0001590-2013, CP-43-CR-0001599-2013,
CP-43-CR-0001775-2013

BEFORE: BENDER, P.J.E, SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED: JANUARY 13, 2015**

Steven Mortland (Appellant) appeals from the aggregate judgment of sentence of 72 to 180 months of incarceration following his guilty pleas to three counts of burglary and one count of retail theft. We affirm.

From the briefs and record before us, it is unclear what facts Appellant admitted in entering his pleas. The trial court offers the following description of the criminal conduct at issue: "[Appellant] went on a crime spree resulting in multiple charges and multiple cases; those cases were informally consolidated into one global plea deal." Trial Court Opinion, 6/12/2014, at 2. Of the more than 50 counts Appellant faced, he pled guilty to the four indicated above, and the Commonwealth *nolle prossed* the remainder. In addition to being ordered to pay restitution, Appellant was

*Retired Senior Judge assigned to the Superior Court.

given sentences on the burglary convictions in the standard and aggravated range, and a sentence on the retail theft conviction which was in excess of the aggravated range, but below the statutory maximum.

At sentencing, Appellant asked the trial court to consider that his crimes were motivated by drug addiction and that he had been cooperative with the police, including riding around with them and pointing out the places he had burglarized. N.T., 4/2/2014, at 10-12. The trial court sentenced Appellant to 72 to 180 months of incarceration, having been informed of: Appellant's cooperation and statement of remorse; the presentence investigation report; the considerable benefit Appellant received from the Commonwealth's dismissal of the bulk of the charges; Appellant's poor track record of prior court-mandated attempts at rehabilitation; and the victim impact statements. *Id.* at 12-18.

Appellant timely filed a motion to modify sentence,[1] claiming that all of the sentences are excessive in that they do not reflect consideration of Appellant's rehabilitative needs, and that the standard-range sentence for one particular burglary conviction was excessive "because [Appellant] would never have been charged with the offenses [at the relevant docket number] had he not cooperated with the Pennsylvania State Police." Motion to Modify Sentence, 4/14/2014, at 2 (pages unnumbered). The trial court denied

---

[1] The tenth day after Appellant's sentence was imposed was Saturday, April 12, 2014. Accordingly, Appellant's motion, filed on Monday, April 14, 2014, was timely filed. 1 Pa.C.S. § 1908.

Appellant's motion by order of April 14, 2014. Appellant timely filed a notice of appeal.

Appellant presents one question for this Court's review: "Whether the [t]rial [c]ourt abused its discretion in giving the Appellant consecutive sentences?" Appellant's Brief at 7.

Appellant's question challenges the discretionary aspects of his sentence. Accordingly, we bear in mind the following.

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1262-63 (Pa. Super. 2012), *appeal denied*, 64 A.3d 630 (Pa. 2013) (quoting *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004)).

Appellant's brief contains the following statement of the reasons upon which he relies for allowance of appeal as to the discretionary aspects of his sentence.

> The Appellant respectfully submits that his sentence was contrary to the fundamental norms which underlie the sentencing process because the Appellant received consecutive sentences. The Appellant concedes that consecutive sentences are within the sound discretion of the sentenc[ing] court but in the instant case the consecutive sentences were unfair to the Appellant because it was the Appellant's cooperation that led to additional charges being filed against him and ultimately led to the consecutive sentences.

Appellant's Brief at 6.

As Appellant acknowledged, "Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011) (internal quotation omitted) (quoting *Commonwealth v. Pass*, 914 A.2d 442, 446–47 (Pa. Super. 2006)). "[T]he key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010).

Given the scant information in the record or briefs about the criminal conduct at issue in this case, we are unable to conclude that Appellant's aggregate sentence is manifestly excessive. Nor are we persuaded that there was a violation of sentencing norms when Appellant's was not given a

"volume discount" because he cooperated with the police. ***Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa. Super. 1995) ("We see no reason why Hoag should be afforded a 'volume discount' for his crimes by having all sentences run concurrently."). Accordingly, we hold that Appellant does not raise a substantial question that his sentence of 72 to 180 months of imprisonment is inappropriate under the Sentencing Code.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2015