J-S39023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMIAN RYAN CLIPPER, | |
| Appellant | No. 1041 MDA 2015 |

Appeal from the Judgment of Sentence May 21, 2015
in the Court of Common Pleas of Lycoming County
Criminal Division at Nos.: CP-41-CR-0000101-2012
CP-41-CR-0000408-2012
CP-41-CR-0001256-2012
CP-41-CR-0002122-2012

BEFORE: STABILE, J., PLATT, J.*, and STRASSBURGER, J.*

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 06, 2016**

Appellant, Jamian[1] Ryan Clipper, appeals from the sentence imposed following revocation of his probation and intermediate punishment. Specifically, he challenges the discretionary aspects of his sentence. We affirm.

We take the factual and procedural history in this matter from the January 12, 2016 opinion of the trial court and our review of the certified record. On August 27, 2012, Appellant pleaded guilty to several theft,

---

* Retired Senior Judge assigned to the Superior Court.

[1] Although the Trial Court Opinion and Appellant's brief refer to Appellant as "Jamien", our review of the certified record reflects that Appellant's first name is alternatively spelled "Jamian".

criminal trespass, and controlled substance offenses at Information numbers 100-2012, 101-2012, 408-2012, and 1256-2012. He was sentenced to an aggregate sentence of three years of intermediate punishment followed by four years of probation.

On January 7, 2013, Appellant pleaded guilty to possession of a controlled substance (heroin) and possession of drug paraphernalia at Information number 2122-2012. He was sentenced to one year of intermediate punishment followed by twelve months of probation, to be served consecutively to any sentences he was currently serving.

In September 2013, the court issued a bench warrant after Appellant absconded from supervision. Appellant was arrested on the warrant and, on May 6, 2014, he admitted to violating the conditions of his supervision. The court ordered him to be transported to SCI Camp Hill for a State Intermediate Punishment (SIP) program evaluation. Appellant voluntarily withdrew from the SIP program, after which the court scheduled a resentencing hearing for September 15, 2014. On September 15, the court issued an order continuing the hearing so that Appellant could obtain certain inpatient treatment records.

On December 16, 2014, at the continuation of the resentencing hearing, "the [trial] court found that Appellant violated the conditions of his intermediate punishment and probation by failing to report as directed, by using controlled substances, by med[-]seeking at different institutions, and by not complying with the directives of the [a]dult [p]robation [o]ffice with

respect to follow-up and treatment." (Trial Court Opinion, 1/12/16, at 3). The court revoked Appellant's probation under Information number 101-2012, and sentenced him to twelve months of imprisonment in county prison, work crew/work release eligible, with credit for time served; and provided that Appellant could be "released prior to serving the entirety of his sanction if he was re-admitted to the Keep it Green Recovery House in York, Pennsylvania, or to the Lycoming County Re-entry Program." (Order, 12/16/14, at unnumbered page 1). The court noted that the remaining sentences Appellant was serving would run consecutively to that sentence.

In its December 16, 2014 order, the court also advised Appellant that: "in light of his substantial addiction related problems in the past, should [he] relapse and/or not comply with the terms and conditions of his probation and supervision, the [c]ourt will be left with no choice but to impose a lengthy state prison sentence." (*Id.* at unnumbered page 2).

Nevertheless, Appellant continued to violate. On May 21, 2015, the court held a hearing on Appellant's numerous violations of the terms of his intermediate punishment and probation. There, the court found that Appellant "violated the conditions of his [i]ntermediate [p]unishment and probation by being removed from the American Rescue Workers, by failing to complete treatment programs, by yet again using controlled substances, by failing to report as directed, and by failing to comply with the directives of his adult probation officer." (Order, 5/27/15, at unnumbered page 1). It found that Appellant had taken part in numerous treatment programs for his

substance abuse and mental health issues; however, Appellant continued to use heroin.

The trial court noted that it had advised Appellant that if he continued not to comply with the terms of probation, it would "be left with no choice but to impose a lengthy prison sentence" and concluded that "a state prison sentence is not only advisable, but mandated in order to protect [Appellant] from himself, and to protect the community from [his] continued substance use. All other avenues as set forth above have failed." (*Id.* at unnumbered page 2). The court revoked Appellant's intermediate punishment and probation sentences and re-sentenced him to an aggregate sentence of not less than three and one-half years nor more than seven years of incarceration in a state correctional institution. The court found that Appellant was RRRI eligible.

Appellant did not object at sentencing or file a post-sentence motion. He filed a timely notice of appeal on June 15, 2015, and, pursuant to the trial court's order, he filed a timely concise statement of errors complained of on appeal on July 13, 2015. *See* Pa.R.A.P. 1925(b). The trial court filed its opinion on January 12, 2016. *See* Pa.R.A.P. 1925(a).

Appellant raises one issue on appeal:

I. Whether the [trial] court abused its discretion at [] Appellant's probation revocation hearing by imposing a manifestly excessive and unduly harsh sentence[?]

(Appellant's Brief, at 4).[2]

Appellant's issue challenges the discretionary aspects of his sentence imposed following the revocation of his probation. This Court has recognized that its scope of review includes the discretionary aspects of a sentence following revocation of probation yet there is no automatic right to appeal such sentence. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*); *Commonwealth v. Pass*, 914 A.2d 442, 445-46 (Pa. Super. 2006). However, an appeal is more appropriately considered a petition for allowance of appeal, which may be considered on its merits if an appellant preserves his issue by raising it during sentencing hearing or in post-sentence motion, and complies with the requirements of Pa.R.A.P. 2119(f), by setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence . . . [and] show[ing] that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id.* at 446 (citation omitted); *see id.* at 446 n.8.

Notably, "[t]o preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived

_____

[2] The Commonwealth did not file a brief in this matter, but rather submitted a letter stating that it would be relying on the trial court's January 12, 2016 opinion. (*See* Letter from Lycoming County Office of District Attorney, dated March 21, 2016).

and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted) (finding challenge to discretionary aspect of sentence following revocation of probation where appellant did not file post-sentence motion or raise issue before court at sentencing hearing); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Here Appellant failed to preserve his issue either by objecting to the sentence or by filing a timely post-sentence motion. (***See*** Trial Ct. Op., at 5-6). Accordingly, he has waived his claim. ***See Malovich***, ***supra*** at 1251; Pa.R.A.P. 302(a).

Because Appellant failed to preserve his discretionary sentencing claim for our review, we are unable to review the issue raised on appeal. ***See Pass***, ***supra*** at 445-46. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2016

- 6 -