J-S16038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v.  :
:
:
:
CHRISTOPHER WOLF LYNN  :
:
Appellant  :  No. 1367 MDA 2021

Appeal from the Judgment of Sentence Entered September 13, 2021
In the Court of Common Pleas of Columbia County Criminal Division at
No(s):  CP-19-CR-0001244-2019

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:  **FILED: SEPTEMBER 22, 2022**

Appellant, Christopher Wolf Lynn, appeals from the aggregate judgment of sentence of 30 to 60 years' incarceration, imposed after he pled guilty to third-degree murder and robbery.[1]  For the reasons set forth below, we affirm.

On September 8, 2021, Appellant entered a plea of guilty to third-degree murder and robbery for beating a woman to death in a home invasion robbery.  N.T. Guilty Plea at 6-10.  For defendants with Appellant's prior record score, the sentencing guidelines provided standard range minimum sentences of 10-20 years for third-degree murder and standard range minimum sentences of 66 to 84 months and aggravated range minimum sentences of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(c) and 3701(a)(1)(i), respectively.

78-96 months for the robbery conviction. 204 Pa. Code §§ 303.15, 303.16(a); Pre-Sentence Report & Guideline Sentence Forms.

On September 13, 2021, the trial court sentenced Appellant to 20 to 40 years' incarceration for third-degree murder, which is within the sentencing guidelines, to run consecutive to another sentence that Appellant was serving, and 10 to 20 years' incarceration for robbery, to run consecutive to the third-degree murder sentence. N.T. Sentencing at 47, 52-54; Sentencing Orders. At his sentencing hearing, Appellant presented an expert testimony of a psychologist and testimony from Appellant's mother concerning abuse and trauma that Appellant suffered in his childhood, but Appellant chose not to speak and did not express any remorse for his crimes. N.T. Sentencing at 5-29. In sentencing Appellant, the trial court stated that it had reviewed the pre-sentence report and noted that the robbery sentence was outside the sentencing guidelines but explained that departure from the guidelines was warranted because of the aggravating factors concerning the crime, the extreme violence inflicted on the victim and the killing of the victim, and because those aggravating factors far outweighed the mitigation evidence presented by Appellant. N.T. Sentencing at 46-54; Robbery Sentencing Order at 2.

Appellant filed a timely petition for reconsideration of sentence. On September 24, 2021, the trial court denied the petition for reconsideration of sentence. This timely appeal followed. In this appeal, Appellant argues that

the trial court abused its discretion 1) in imposing a sentence for robbery that was outside the sentencing guidelines without considering mitigating factors and 2) in imposing sentences that are consecutive to each other and consecutive to a sentence that Appellant was serving in another case. Appellant's Brief at 7.

These issues are challenges to the discretionary aspects of Appellant's sentence. Challenges to the discretionary aspects of a sentence are not appealable as of right and may be considered only where the following requirements are satisfied: 1) the appellant has preserved the issue in the trial court at sentencing or in a motion for reconsideration of sentence; 2) the appellant has included in his brief a concise statement of the reasons relied on for his challenge to the discretionary aspects of his sentence in accordance with Pa.R.A.P. 2119(f), and 3) the challenge to the sentence raises a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*); *Commonwealth v. Radecki*, 180 A.3d 441, 467 (Pa. Super. 2018).

Appellant has satisfied the first two of these requirements with respect to both of his issues. Appellant raised the issues that the robbery sentence deviated from the sentencing guidelines, that the trial court failed to consider mitigating factors, and that the trial court erred in imposing consecutive sentences in his petition for reconsideration of sentence. Petition for

Reconsideration of Sentence ¶2(B)-(H), (J)-(K). Appellant has also included a Pa.R.A.P. 2119(f) statement in his brief. Appellant's Brief at 14-16.

A substantial question exists where the appellant advances a colorable argument that the sentencing judge's actions were inconsistent with a specific provision of the Sentencing Code or were contrary to the fundamental norms of the sentencing process. *Commonwealth v. DiClaudio*, 210 A.3d 1070, 1075 (Pa. Super. 2019); *Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014). Appellant in his first issue asserts that the trial court imposed a robbery sentence that was outside the sentencing guidelines and that the deviation from the guidelines was unreasonable because the trial court failed to take mitigating factors into account. This presents a substantial question. 42 Pa.C.S. § 9781(c)(3) ("The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if … the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable"); *Antidormi*, 84 A.3d at 759; *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002).

This issue, however, fails on the merits. Our standard of review on this challenge to Appellant's sentence is well-established:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*DiClaudio*, 210 A.3d at 1074-75 (quoting *Antidormi*).

The trial court's imposition of a robbery sentence outside the sentencing guidelines was not an abuse of its discretion. While a trial court must consider the ranges set forth in the sentencing guidelines when sentencing a defendant, the guidelines are not mandatory and the court may deviate from the sentencing guidelines, provided that it contemporaneously states an adequate reason for imposing a sentence in excess of the guideline ranges. 42 Pa.C.S. § 9721(b); *Antidormi*, 84 A.3d at 760; *Cunningham*, 805 A.2d at 575. Here, the trial court considered and correctly understood the standard and aggravated guideline minimum sentence ranges that applied to Appellant and stated at sentencing adequate reasons for imposing a sentence outside those ranges, the heinous nature of crime, beating the victim to the point that she was unrecognizable, and the fact that Appellant killed the victim. N.T. Sentencing at 47-54; Robbery Sentencing Order at 2.

Appellant's claim that the trial court did not consider mitigating factors is inaccurate. The record shows that the trial court considered the evidence of mitigating factors that Appellant presented and the pre-sentence report, but found Appellant's expert psychologist not fully credible and concluded that the mitigating evidence, which primarily concerned Appellant's childhood and did not negate his involvement in beating the victim to death or include any expression of contrition or remorse by Appellant, was far outweighed by the aggravating factors. N.T. Sentencing at 46-47, 49-54; Trial Court Opinion at

2-5. Indeed, the trial court specifically considered Appellant's rehabilitative potential in concluding that deviation from the sentencing guidelines was necessary. N.T. Sentencing at 49-50.

Appellant also argues that his robbery sentence is unreasonable because it is harsher than his co-defendants' sentences. This argument fails for two reasons. First, this issue is not properly before us because it is based on assertions that are not supported by the certified record in this case. Appellant bases this argument on transcripts of his co-defendants' sentencings in different criminal dockets. Neither of these transcripts, which are dated January 19, 2022, over four months after Appellant was sentenced and over three months after this appeal was filed, appear in the certified record in this case. Allegations of facts that are not in the certified record cannot be considered on appeal. *Commonwealth v. Young*, 317 A.2d 258, 264 (Pa. 1974); *Commonwealth v. Moury*, 992 A.2d 162, 174 n.9 (Pa. Super. 2010); *Commonwealth v. Preston*, 904 A.2d 1, 6 (Pa. Super. 2006) (*en banc*).

Second, even if we could consider this argument, it would fail. As Appellant admits, his co-defendants had cooperated in providing evidence against Appellant and received negotiated plea deals. Appellant's Brief at 22-23; N.T. Sentencing at 39. The fact that a co-defendant receives a lighter sentence as a result of such a negotiated plea does not constitute a basis for finding an otherwise reasonable sentence unreasonable. *Commonwealth v. Ali*, 197 A.3d 742, 764 (Pa. Super. 2018); *Moury*, 992 A.2d at 171, 174.

Appellant's second issue, that the trial court abused its discretion in imposing consecutive sentences, does not raise a substantial question. A trial court has discretion to impose sentences consecutively to other sentences imposed at the same time or to sentences already imposed in other cases, and a challenge to the exercise of this discretion ordinarily does not raise a substantial question. *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014); *Moury*, 992 A.2d at 171; *Commonwealth v. Pass*, 914 A.2d 442, 446–47 (Pa. Super. 2006). The imposition of consecutive, rather than concurrent, sentences can raise a substantial question in only the most extreme circumstances, where the aggregate sentence is unduly harsh considering the nature of the crimes and the length of imprisonment. *Radecki*, 180 A.3d at 469-70; *Moury*, 992 A.2d at 171-72. Here, while the length of imprisonment imposed is great, it is not extreme in relation to the very violent and serious crimes that Appellant committed, a third-degree murder and a robbery in which he beat the victim to death.

Because Appellant has not shown that the trial court abused its discretion in the sentence that it imposed for his robbery conviction and his challenge to the trial court's imposition of consecutive sentences for his crimes does not raise a substantial question that his sentence is not appropriate under the Sentencing Code, we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/22/2022