J-S37028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD GOULD | : | |
| | : | |
| Appellant | : | No. 195 EDA 2023 |

Appeal from the Judgment of Sentence Entered August 18, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008129-2021

BEFORE:  BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED FEBRUARY 9, 2024**

Donald Gould ("Gould") appeals from the judgment of sentence imposed following his convictions for possession of an instrument of crime ("PIC"), terroristic threats, simple assault, and recklessly endangering another person.[1]  We affirm.

We summarize the factual and procedural history of this appeal based on our review of the record.  In September 2021, Gould and his girlfriend, Constance Jones ("Jones"), got into an argument after celebrating Gould's birthday at Jones's home.[2]  Gould and Jones eventually went to bed, but Jones got up to make a phone call.  Gould then grabbed Jones's phone and threw it

---

[1] **See** 18 Pa.C.S.A. §§ 907(a), 2706(a)(1), 2701(a), 2705.

[2] Jones testified that she and Gould had been drinking and using cocaine.  **See** N.T., 2/11/22, at 13, 32.

against the wall. He then shoved her back onto the bed, got on top of her, and pinned her down. **See** N.T., 2/11/22, at 13-15; **see also id**. at 66-71.

Jones further testified that Gould choked her, grabbed a pair of scissors, and threatened to kill her. Jones managed to get hold of scissors or a fork, and then tried to get Gould to feel sorry for her by threatening to kill herself and cutting herself on her leg to make herself bleed. Gould then calmed down, wiped the blood from Jones's leg, and eventually went to sleep, after which she ran to a neighbor's home to call 911. Police officers arrived and arrested Gould. **See id**. at 16-18, 23-24, 55-58; Commonwealth's Exhibit C-4.

At the conclusion of a non-jury trial, the trial court found Gould guilty of the above-stated offenses.[3] The court deferred sentencing for the preparation of a pre-sentence investigation report ("PSI") and held a sentencing hearing on August 18, 2022.

At the beginning of the sentencing hearing, the trial court stated that it had reviewed the PSI. **See** N.T., 8/18/22, at 6. Gould's counsel noted that Gould was sixty-two years old and argued that he had medical health issues, including cirrhosis and prior treatments for cancer, and planned to participate in drug-and-alcohol, batterers intervention, and mental health programs in prison. **See id**. at 7-8. Gould's counsel suggested a sentence of eleven-and-one-half months to twenty-three months of imprisonment. **See id**. at 8. Additionally, Gould's counsel referred to a prison sentence Gould was currently

---

[3] The trial court found Gould not guilty of strangulation.

- 2 -

serving in another unrelated matter ("the other matter") and asked that the sentence in the present case run concurrently to the sentence in the other matter. *See id*. at 8-9.[4]

The Commonwealth asserted that the other matter involved a different domestic violence case in which Gould severely injured the victim. *See id*. at 10. The Commonwealth emphasized that Gould absconded before sentencing in the other matter and committed the present offenses against Jones while avoiding a bench warrant. *See id*. at 10-11.[5] The Commonwealth requested a sentence of one-and-one-half to three years of imprisonment. *See id*. at 11. The Commonwealth further asked that the sentence run consecutively to the sentence in the other matter to account for the separate injuries suffered by each victim. *See id*.

Gould elected not to give a statement to the trial court before sentencing, although he interjected when the court reviewed his criminal

_____

[4] The PSI investigator indicated that Gould had been found guilty of aggravated assault, strangulation, and related offenses in the other matter in 2019 and sentenced to an aggregate term of four-and-one-half to nine years of imprisonment and a term of two years of probation in February 2022. *See* Criminal History Report, undated, at 4.

[5] Specifically, the Commonwealth stated that the other matter involved Gould's particularly violent and prolonged attack during which he broke two of the victim's ribs and ruptured her spleen. *See* N.T., 8/18/22, at 10. We note that Gould has presented no evidence or argument contesting the Commonwealth's descriptions of the offenses he committed in the other matter. *See id*. Similarly, he does not challenge the Commonwealth's assertion that he committed the present offenses after absconding in the other matter.

history. **See id**. at 12-13. The presiding judge then sentenced Gould as follows:

> Now, I do remember this case. At the time, at least, I did not know about the [other matter.[6]] . . . I agree with the Commonwealth to the extent that you don't get a discount for trying two separate cases. You have an absolute right to a jury trial. I would never take that away from you.
>
> But, there is a time for mercy and a time for justice, a time for asking for a concurrent sentence would have been before trial, not after trial.
>
> It would be demeaning to the complaining witness to make it concurrent. I would agree with that.
>
> So, I'm going to agree with the Commonwealth. It's one and a half to three years[,] and it is consecutive to the sentence you are currently serving.
>
> And that is based upon your prior history of violence and the lack of remorse, everything.
>
> So, you are not [recidivism risk reduction incentive ("RRRI")[7]] eligible[,] but you will be given credit for time served as to be calculated by the prison.

**Id**. at 14. The court clarified that it was imposing sentences of eighteen to thirty-six months of imprisonment for PIC and a concurrent eighteen to thirty-

---

[6] We note that no evidence concerning Gould's conduct in the other matter was introduced at trial in the present case. Additionally, while the other matter was listed in Gould's criminal history report, the PSI investigator did not account for the other matter when calculating Gould's prior record score for the purpose of sentencing in the present case. **See** N.T., 8/18/22, at 9-10; **see also** Criminal History Report, undated, at 4.

[7] **See** 61 Pa.C.S.A. §§ 4501-4512.

six months of imprisonment for terroristic threats. *See id*.[8] The court ordered its aggregate sentence in the present case to run consecutively to any other sentence Gould was currently serving. *See id*.[9] Gould did not raise any objections at the sentencing hearing, and Gould's counsel advised Gould of his post-sentence and appellate rights on the record. *See id*. at 14-16.

Gould filed an untimely post-sentence motion, which the trial court accepted *nunc pro tunc*. *See* Order, 9/19/22, at 1.[10] The court denied the post-sentence motion by operation of law, and Gould timely appealed. The presiding judge did not order a Pa.R.A.P. 1925(b) statement or author an opinion before leaving the bench.

Gould raises the following issue for our review:

> . . . Did not the lower court abuse its discretion in sentencing . . . Gould to an aggravated sentence of [one-and-one-half to three] years confinement for the commission of misdemeanors based

---

[8] The sentences for the misdemeanor offenses of PIC and terroristic threats were in the aggravated range minimum sentences called for by the Sentencing Guidelines.

[9] The court imposed no further penalty on the remaining counts of simple assault and recklessly endangering another person.

[10] This Court has held that a post sentence motion *nunc pro tunc* will only toll the appeal period if (1) the defendant requests *nunc pro tunc* relief within thirty days of the sentence and (2) the trial court expressly grants *nunc pro tunc* relief within thirty days of the sentence. *See Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015). Here, the thirtieth day after the August 18, 2022 imposition of sentence fell on a Saturday, and the trial court timely entered its order expressly granting *nunc pro tunc* relief on the following Monday. *See* 1 Pa.C.S.A. § 1908. Although the record does not contain a request for *nunc pro tunc* relief, we decline to quash this appeal because the trial court expressly granted such relief.

solely on factors accounted for in the guidelines, with no consideration to his mitigation and rehabilitative needs?

Gould's Brief at 3.

Gould's issue implicates the discretionary aspects of his sentence. It is well settled that:

> the right to appeal a discretionary aspect of sentence is not absolute. Instead, such challenges are considered petitions for allowance of appeal. Generally, an appellant who wishes to challenge the discretionary aspects of his sentence must satisfy a four-part test to invoke this Court's jurisdiction:
>
> > (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect [pursuant to Pa.R.A.P. 2119(f)]; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Clemat***, 218 A.3d 944, 959 (Pa. Super. 2019) (internal citations and quotation mark omitted).

Here, Gould has filed a post-sentence motion *nunc pro tunc* and a timely notice of appeal. Gould has included in his brief a Rule 2119(f) statement, in which he asserts that the trial court abused its discretion by: (1) relying on improper factors, including his decision to proceed to trial in the present case, (2) imposing an aggravated range sentence based on factors already accounted for in the Sentencing Guidelines, (3) ordering the present sentence to run consecutively to the sentence in the other matter, (4) relying solely on the facts of the offense, and (5) failing to consider mitigating factors, his rehabilitative needs, and health issues. ***See*** Gould's Brief at 10-13.

However, in his post-sentence motion *nunc pro tunc*, Gould asserted that the sentence was unreasonable and the trial court failed to consider mitigating factors. **See** Post-Sentence Motion *Nunc Pro Tunc*, 9/1/22, unnumbered at 3. There, Gould claimed that the court failed to consider Gould's sentence in the other matter and thereby "imposed an excessive maximum sentence that will probably outlast [his] natural life span, considering the consecutive nature of the [present] sentence" to the sentence in the other matter. **Id**.

Thus, Gould's post-sentence motion *nunc pro tunc* did not raise issues that the trial court (1) relied on improper factors or (2) double-counted Sentencing Guideline factors when imposing aggravated range sentences. Furthermore, Gould did not raise these issues in an objection at the sentencing hearing. Accordingly, Gould failed to properly preserve these challenges. **See Commonwealth v. Sheets**, 302 A.3d 145, 153 (Pa. Super. 2023). Thus, these two issues are waived.[11]

To the extent Gould's post-sentence motion *nunc pro tunc* and Rule 2119(f) statement preserved his remaining issues—*i.e.*, that the trial court imposed an unreasonable or excessive sentence without considering

---

[11] Assuming Gould had preserved these issues, they would merit no relief. A review of the trial court's statements for imposing sentence establishes that the court did not improperly rely on Gould's decision to proceed to trial or sentence in the aggravated ranges based solely on factors already accounted for in the Sentencing Guidelines. **See** N.T., 8/18/22, at 14; **see also Clemat**, 218 A.3d at 960-63; **Commonwealth v. Moury**, 992 A.2d 162, 172-74 (Pa. Super. 2010).

mitigating factors and by ordering the present sentence to run consecutively to the sentence in the other matter—we must further consider whether Gould has presented substantial questions for review. **See Clemat**, 218 A.3d at 959.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Radecki**, 180 A.3d 441, 468 (Pa. Super. 2018) (internal citation omitted). A substantial question exists where "the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id**. (internal citation omitted).

The decision to impose a sentence consecutively to a previously imposed sentence falls within the discretion of the trial court. **See** 42 Pa.C.S.A. § 9757; **Commonwealth v. Pass**, 914 A.2d 442 (Pa. Super. 2006). As this Court has stated in a related context,

> [a] court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

**Commonwealth v. Caldwell**, 117 A.3d 763, 769 (Pa. Super. 2015) (*en banc*) (internal citations and quotation marks omitted).

Here, Gould's challenge focuses on the aggregation of the sentences in the present case and the other matter, which resulted in a minimum term of

imprisonment of six years and a maximum term of imprisonment of twelve years for the two cases. When considering the nature of the crimes at issue in the separate sentences and the length of imprisonment, we cannot conclude that this aggregated sentence was unduly harsh. **See Pass**, 914 A.2d at 446-47 (holding that the defendant failed to raise a substantial question when challenging a violation-of-probation sentence ordered to run consecutively to a previously imposed sentence); **accord Commonwealth v. Lineman**, 2542 EDA 2018, 2020 WL 5268203, at *1-4 (Pa. Super. 2020) (unpublished memorandum) (holding that the defendant failed to raise a substantial question where the trial court imposed a three-to-ten-year sentence of imprisonment for aggravated assault while DUI consecutively to a previously imposed sentence of three-to-seven-year sentence of imprisonment for a firearms offense).[12]  Moreover, Gould presents no extraordinary circumstances meriting further appellate review. Thus, we could decline to find a substantial question in this case and affirm. **See Radecki**, 180 A.3d at 468-69; **accord Commonwealth v. Zirkle**, 107 A.3d 127, 134 (Pa. Super. 2014) (noting that a defendant is not entitled to a "volume discount" for his crimes by having sentence run concurrently) (internal citation omitted); **Commonwealth v. Eline**, 940 A.2d 421, 435 (Pa. Super. 2007) (holding that a claim that the trial court failed to give adequate consideration to the

---

[12] **See** Pa.R.A.P. 126(b) (providing that unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

defendant's poor health and advanced age did not raise a substantial question); **Lineman**, 2020 WL 5268203, at *3-4.

Even if Gould's preserved issues presented a substantial question, **cf. Caldwell**, 117 A.3d at 770 (stating a claim that the imposition of consecutive sentences at the same sentencing hearing was excessive and the court failed to consider the defendant's rehabilitative needs raised a substantial question), no relief would be due.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Conte**, 198 A.3d 1169, 1176 (Pa. Super. 2018)(internal citation omitted). When the trial court applies the sentencing guidelines, this Court may only vacate if the case involves circumstances where the application of the guidelines would be clearly unreasonable. **See** 42 Pa.C.S.A. § 9781(c)(2); **Commonwealth v. McCarthy**, 180 A.3d 368, 380 (Pa. Super. 2018). When reviewing the merits of a discretionary aspects of sentencing claim, this Court must consider: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant[;] (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based[;] and (4) the guidelines promulgated by the commission." 42 Pa.C.S.A. § 9781(d) (some capitalization omitted).

Our legislature has determined that "the sentence imposed should call for total confinement that is consistent with . . . the protection of the public,

the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Moreover, "[i]n every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id*. The trial court, however, need not offer a lengthy discourse for its reasons for imposing a sentence. *See Commonwealth v. Conklin*, 275 A.3d 1087, 1098 (Pa. Super. 2022), *appeal denied*, 285 A.3d 883 (Pa. 2022).

"[W]here the sentencing judge had the benefit of a [PSI], it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors." *Conte*, 198 A.3d at 1177 (internal citation and quotation marks omitted). Furthermore, an appellate court will not lightly disturb the trial court's judgment as the sentencing judge is in the best position to "review the defendant's character, defiance or indifference, and the overall effect and nature of the crime." *Id*. (internal citation and quotations omitted).

To the extent Gould asserts that the trial court failed to consider his background, character, and rehabilitative needs, the trial court here had the benefit of a PSI, as well as the extensive arguments set forth by counsel. Similarly, as to Gould's claim that the trial court failed to consider his age, or the parole implications of ordering the present sentence to run consecutively to the sentence in the other matter, Gould's counsel highlighted these points

at the sentencing hearing, and the PSI contained similar information. Because we can presume the trial court considered all of this information, Gould's issues would merit no relief. *See Conte*, 198 A.3d at 1177 (noting this Court will presume the trial court was aware of mitigating factors when the trial court was informed by a PSI); *see also Conklin*, 275 A.3d at 1098 (noting that the trial court need not state a lengthy explanation of its reasons for imposing a sentence).

Lastly, we note that the trial court stated that it structured its sentence due to Gould's prior history of violence and lack of remorse and out of respect for separate victims. *See* N.T., 8/18/22, at 14. Having reviewed the record concerning nature and circumstances of the offense and Gould's history and characteristics, the court's opportunity to observe Gould and review the PSI, as well as the court's findings for its sentence and the Sentencing Guidelines, we would discern no basis to disturb the trial court's sentence as clearly unreasonable. *See* 42 Pa.C.S.A. § 9781(c)(2), (d).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/9/2024