J-S45008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                        :                 PENNSYLVANIA
                                                         :

                 v.                                   :
                                                         :
                                                         :

RICHARD CHARLES WOLF                 :
                                                           :

                 Appellant              :       No. 44 MDA 2025

Appeal from the Judgment of Sentence Entered November 26, 2024
In the Court of Common Pleas of Cumberland County
Criminal Division at No:  CP-21-CR-0000366-2024

BEFORE:   STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY STABILE, J.:            **FILED: APRIL 15, 2026**

Appellant, Richard Charles Wolf, appeals from the judgment of sentence entered by the Court of Common Pleas of Cumberland County on November 26, 2024.  On appeal, Appellant challenges the discretionary aspects of his sentence.  Upon review, we affirm.

The trial court summarized the relevant factual and procedural background as follows.

> On August 30, 2023, the Pennsylvania State Police were dispatched to a residence in West Pennsboro Township, Cumberland County, to investigate a report of gunshots in the area.  Upon arriving at the residence, the [troopers] encountered the homeowners, Amber and Randolph French (hereinafter "Victims"), who reported to the troopers that someone fired shots at their home.  As part of their investigation, the state police forensic unit located four expended 9mm shell casings in the street in front of Victims' residence.  Based on their investigation,

---

[*] Retired Senior Judge assigned to the Superior Court.

the state police learned that Appellant's son was involved in a dispute with one of the juveniles located at Victims' residence, and the police eventually developed reason[s] to focus on Appellant as the shooter. Based on the state police investigation, charges were filed against Appellant on January 30, 2024.

Ultimately, Appellant entered guilty pleas on September 24, 2024, to charges of aggravated assault, endangering welfare of children, terroristic threats, recklessly endangering another person, and firearms not to be carried without a license. As part of his guilty pleas, Appellant agreed with the following facts:

> [Prosecutor]: And the facts to support the pleas are that on the date of August 30th of 2023, [Appellant] did drive his juvenile son to the family home of another juvenile.
>
> The two juveniles had some sort of issue going on, and [Appellant] as the father seemed to have stepped in on behalf of his son. Ultimately[,] he drove over to this family's home and fired a gun several times at the victim[s'] home which had the family inside to include juveniles. At this time[,] [Appellant] did not have a concealed carry permit for this firearm. It was determined forensically that the casings did match the firearm that [Appellant] had in his possession at his house that was later recovered. In addition[,] as a support for the Recklessly Endangering Another Person and that all charges [sic], Your Honor, there were both adults and children in the house when the firearm was being fired into it, and there were also some threatening text messages and Snapchat messages that were going back and forth between – from [Appellant] to the victims prior to him arriving at their house.
>
> [Trial Court]: And was anyone injured?
>
> [Prosecutor]: No. So it would be the attempt to cause serious bodily injury.
>
> [Trial Court]: Mr. Wolf, did you hear what the District Attorney said that you did?

[Appellant]: Yes, ma'am

[Trial Court]: Do you agree that's what happened?

[Appellant]: Yes.

Following his guilty pleas, Appellant was sentenced on November 26, 2024.[1] Relevantly, Appellant was sentenced to a standard-range term of incarceration of one to two years on the charge of aggravated assault, and a standard-range term of incarceration of one-and-a-half to three years on the charge of endangering welfare of children. Those terms of incarceration were run consecutively to each other, leading to Appellant receiving an aggregate term of incarceration of two-and-a-half to five years.

Following sentencing, Appellant filed a timely post-sentence motion on December 6, 2024, contending that his aggregate sentence was excessive. On December 9, 2024[,] the Commonwealth was ordered to file a response, and a timely response was filed on December 16, 2024. Following receipt of the Commonwealth's response, Appellant's post-sentence motion was denied on December 17, 2024. Appellant filed his notice of appeal on January 10, 2025, and his concise statement of errors complained of on appeal on February 6, 2025[.]

_____

[1] On May 30, 2025, the trial court entered an amended sentencing order permitting Appellant to have contact with his 16-year-old son. Upon remanding to the trial court to explain the basis or the necessity for amending the sentencing order several months after the imposition of sentence, the trial court filed a supplemental opinion. In the supplemental opinion, the trial court explained that, while presiding over the related juvenile delinquency matter involving Appellant's son, the court learned that, due to an erroneous interpretation of the original sentencing order by the Department of Corrections, the son was prohibited from having contact with Appellant. Because all parties agreed that it was not contemplated or intended that the son be prohibited from having contact with Appellant, the trial court, pursuant to Pa.R.A.P. 1701(b), entered an amended sentencing order to correct any misunderstanding. We are satisfied with the trial court's explanation. Accordingly, this matter is properly before us.

Trial Court Opinion, 2/24/25, at 1-4 (footnotes omitted) (citations to the record omitted).

On appeal, Appellant argues that the trial court abused its sentencing discretion when it ordered some sentences to run consecutively and by failing to consider Appellant's mitigating circumstances. Appellant's issues challenge the discretionary aspects of his sentence. *See*, *e.g.*, *Commonwealth v. Moury,* 992 A.2d 162, 175 (Pa. Super. 2010).

Our standard for reviewing a claim challenging the discretionary aspects of a sentence is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citations and internal quotations omitted).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Id.*** (citations and internal quotations omitted)

Regarding the specific issues Appellant raises here, *i.e.*, failure to consider certain mitigating factors and imposition of consecutive sentences as opposed to concurrent sentences, we have held:

> An allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question. ***Commonwealth v. McNabb***, 819 A.2d 54, 57 (Pa. Super. 2003). ***Accord Commonwealth v. Wellor***, 731 A.2d 152, 155 (Pa. Super. 1999) (reiterating allegation that sentencing court "failed to consider" or "did not adequately consider" certain factors generally does not raise substantial question).
>
> * * * *
>
> Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the "minimum possible" confinement. [***Commonwealth v. Walls***, 926 A.2d 957, 965 (Pa. 2007)]. Under 42 Pa.C.S.A. § 9721, the court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question. ***Commonwealth v. Pass***, 914 A.2d 442, 446–47 (Pa. Super. 2006). The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment. ***Id.***

***Id.*** at 171-72.

However, we have also held that where an appellant has asserted that the court failed to consider mitigating factors in conjunction with a claim that a court abused its discretion in issuing consecutive sentences, he has raised a substantial question. *See*, *e.g.*, *Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015).

A review of the record reveals that Appellant filed a timely appeal, that the claim was properly preserved for our review, that his brief does not contain fatal defects, and that he raised a substantial question for our review. Accordingly, having complied with or otherwise met all requirements for us being able to entertain his challenge, we now address the merits of his claims.

It is well-established that when a sentence is within the standard range of the sentencing guidelines, "Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa. Super. 2019). Additionally, where the court has a defendant's pre-sentence investigation report, "the court is presumed to have weighed all relevant information regarding the defendant's character against any mitigating factors." *Commonwealth v. Mulkin*, 228 A.3d 913, 917 (Pa. Super. 2020).

Here, at sentencing, after considering the victim impact statement, Appellant's allocution, defense counsel's argument, and the Commonwealth's argument, it stated that it also considered and relied on the pre-sentence investigation. *See* N.T. Sentencing, 11/26/24, at 8.

In its R.A.P. 1925(a) opinion, the trial court elaborated as follows:

[The trial] court imposed standard-range, consecutive sentences of incarceration for Appellant's convictions for aggravated assault and endangering welfare of children. In imposing that sentence, [the trial court] weighed the mitigating factors presented by Appellant, including the fact that no one was physically injured, Appellant's decision to take responsibility for the crimes by pleading guilty, his comparatively minor prior criminal record, his realization that alcohol abuse was a contributor to his poor decision-making, and his work history. However, weighing against mitigation was the severity of this incident, highlighted by the fact that Appellant endangered not only [Victims'] family by shooting at their residence, but also his own child who was in the car with him. Important to reaching this conclusion was the written victim statement of Randolph French, which was read into the record at sentencing by his father-in-law, Ernest Petty. In his statement, Mr. French disclosed that on the night of the incident he was also carrying a handgun. After hearing Appellant begin shooting, Mr. French ran into his front yard and was prepared to return fire at Appellant's vehicle. Had Mr. French done so, the events of August 30, 2023, may have taken a much more tragic turn.

Additionally, the significant fear and trauma experienced by Victims because of Appellant's actions weighed against imposing concurrent, mitigated range sentences. Victims' statements spoke about their ongoing trauma from the incident, as well as the fear and apprehension of their children and friends of their children. Importantly, Appellant drove his son to Victims' residence, so that he could engage in a fistfight with another juvenile. Upon arriving, Appellant instead drew a firearm and discharged it multiple times at Victims' residence, which represented a dramatic escalation to Appellant's already poor decision-making that evening. Despite Appellant's statement that he would never deliberately endanger someone else's children, Appellant's actions on the night of this incident had significant and ongoing consequences for Victims and could have led to an even more tragic outcome.

Based on the foregoing, [the trial] court concluded that the imposition of standard-range sentences would be appropriate in this matter. Further, [the trial] court found that the imposition of consecutive sentences of incarceration for the aggravated assault

- 7 -

and endangering welfare of children convictions was necessary to impart upon Appellant the significant harm caused by his actions. Given the nature of these offenses, and the aggregate term of incarceration of two-and-one-half to five years, [the trial] court respectfully submits that Appellant's sentence was not unduly harsh, and a lesser sentence would have depreciated the seriousness of Appellant's actions that evening. Therefore, [the trial] court respectfully submits that it properly imposed standard-range, consecutive sentences for Appellant's aggravated assault and endangering welfare of children convictions[.]

Trial Court Opinion, 2/24/25, at 7-9 (footnotes and citations omitted).

The court's reasoning is sound and supported by the record. Moreover, the court's sentence was presumptively reasonable where it imposed standard-range sentences and had the benefit of a pre-sentence investigation report. This claim is therefore meritless. *See Hill*, *supra*; *Mulkin*, *supra*. Accordingly, we discern no abuse of discretion in the court's imposition of sentence.

Judgment of sentence affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 04/15/2026